STATE OF MAINE                                    SUPERIOR COURT

CUMBERLAND ss.                                    CIVIL ACTION
                                                  Docket No. RE-14-367

H. JOSEPH BARTHOLD, II, SOLE
TRUSTEE OF BARTHOLD FAMILY
TRUST,
                          Plaintiff,              ORDER ON PLAINTIFF'S MOTION
                                                  FOR SUMMARY JUDGMENT AND
                                                  DEFENDANT'S MOTION FOR
v.                                                SUMMARY JUDGMENT ON AMENDED
                                                  CROSS CLAIM

WARREN M. TURNER
and
ANNE L. TURNER,                                   STATE OF MAINE
                                                  Cumberland, ss. Clerk's Office
                          Defendants,
and                                               JAN 11 2016

STATE OF MAINE,                                   RECEIVED
UNITED STATES OF AMERICA,
SCOTT DUGAS TRUCKING &
EXCAVATION, INC.,
SCOTT DUGAS,
ROBERT HAAS,
and
7-9 WEST MAIN STREET
ASSOCIATES,
                          Parties-in-interest.

        Before the Court is Plaintiff's motion for summary judgment for breach of contract based

on two promissory notes and for foreclosure of two mortgages securing those notes. Also before

the Court is Defendant Anne Turner's motion for summary judgment on her amended cross

claim. For the reasons discussed below, Plaintiff's motion is DENIED and Defendant Anne

Turner's motion is GRANTED as to Count I and DENIED as to Counts II and III.

    I.  Background

Defendants Warren Turner and Anne Turner were granted the property located at 570 East Elm Street, Yarmouth, Maine as joint tenants on November 8, 1982. (Def.'s S.M.F. ¶ 1.) On May 1, 1986, Defendants executed a promissory note in the principal amount of $40,000 (the "1986 Note"). (Pl.'s S.M.F. ¶ 1.) Also on May 1, 1986, Defendants executed a mortgage deed (the "1986 Mortgage"), which included as collateral the property at 570 East Elm Street. (*Id.* ¶ 2.) On September 4, 1990, Defendants executed a second promissory note in the principal amount of $40,000 (the "1990 Note"). (*Id.* ¶ 4.) Also on September 4, 1990, Defendants executed a mortgage deed (the "1990 Mortgage"), which included as collateral the property at 570 East Elm Street. (*Id.* ¶ 5.)

On May 4, 2010, the Internal Revenue Service ("IRS") recorded a Notice of Federal Tax Lien. (*Id.* ¶ 9.) The IRS recorded a second Notice of Federal Tax Lien on August 18, 2010. (*Id.* ¶ 10.) Scott Dugas, individually and on behalf of Scott Dugas Trucking & Excavating, Inc., recorded an order for attachment and trustee process on February 16, 2011. (*Id.* ¶ 11.) Maine Revenue Services ("MRS") recorded a Notice of State Tax Lien on September 13, 2011. (*Id.* ¶ 12.) Robert Haas, individually and on behalf of 7-9 West Main Street Associates, recorded a writ of execution on January 20, 2012. (*Id.* ¶ 13.) MRS recorded a second Notice of State Tax Lien on May 4, 2012, a third notice on August 30, 2012, a fourth notice on September 25, 2012, and a fifth notice on September 26, 2012. (*Id.* ¶¶ 14-17.)

Plaintiff asserts that it sent a notice of right to cure to Defendants on September 22, 2014. (*Id.* at ¶ 20.) Plaintiff also asserts that, as of September 22, 2014, Defendants owed Plaintiff $40,000 of principal and $236,927.66 in interest under the 1986 Note and $40,000 of principal and $377,589.28 in interest under the 1990 Note. (*Id.* ¶¶ 32-33.) Plaintiff claims that Defendants have not made payments to Plaintiff. (*Id.* ¶ 23.)

2

On October 28, 2014, Plaintiff commenced this civil foreclosure action. Anne Turner filed a cross claim against Warren Turner and the parties-in-interest alleging three counts: breach of contract, contribution, and declaratory judgment. On March 19, 2015, Plaintiff moved for summary judgment. None of the parties-in-interest filed an opposition to the Plaintiff's motion. Anne Turner moved to join Plaintiff's motion for summary judgment and admitted Plaintiff's statement of material facts. On July 9, 2015, Anne Turner moved for summary judgment on her cross claim. Warren Turner has not appeared in this action.

## II. Discussion

### A. Plaintiff's Motion for Summary Judgment

The Court denies the Plaintiff's motion because the Plaintiff has failed to establish the necessary elements of proof. Maine Rule of Civil Procedure 56(j) provides:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

M.R. Civ. P. 56(j); *see also Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508) (setting forth the essential elements of proof necessary to support a judgment of foreclosure).

The Court must first determine whether the Plaintiff strictly complied with the notice requirements of 14 M.R.S. § 6111. The Plaintiff's statement of material facts avers that on September 22, 2014, the Plaintiff sent the Defendants notice of their right to cure in strict compliance with section 6111. (Pl.'s S.M.F. ¶ 20.) The assertion that the notice complied with

3

the requirements of section 6111 is a legal conclusion that the Court may disregard. *See Diversified Foods, Inc. v. First Nat'l Bank*, 605 A.2d 609, 612 (Me. 1992) (holding that statements of material fact that "consist of legal arguments and conclusions rather than factual allegations" may be excluded from consideration). Because the Plaintiff and the Plaintiff's affiant did not attach a copy of the notice that was allegedly sent to the Defendants, the Court cannot determine whether that notice complied with section 6111.[1]

Additionally, the Plaintiff asserts that it is the "holder" of the 1986 Note and the 1990 Note. (Pl.'s S.M.F. ¶ 25.) The assertion that the Plaintiff is the "holder" is a legal conclusion that the Court may exclude. *See Diversified Foods, Inc.*, 605 A.2d at 612. Furthermore, the documentation underlying this assertion does not support the Plaintiff's conclusion that it is the "holder" of both notes. A holder is "[t]he person in possession of a negotiable instrument that is *payable either to bearer or to an identified person that is the person in possession*[.]" 11 M.R.S. § 1-1201(21)(a) (2014) (emphasis added). The 1986 Note is payable to Lee and Carol Barthold in their individual capacities. Lee and Carol Barthold executed an "assignment" purporting to assign their interests in the note to the Plaintiff but did not indorse the note and therefore the 1986 Note is not payable to bearer or to the Plaintiff.[2] *See* 11 M.R.S. §§ 3-1204, 3-1205 (2014). The Plaintiff also does not have physical possession of the 1990 Note and therefore cannot qualify as the holder.[3] 11 M.R.S. § 1-1201(21)(a).

[1] Although Anne Turner admitted all of the Plaintiff's statements of material fact, her admission does not establish that the notice sent to her and Warren Turner strictly complied with 14 M.R.S. § 6111. Whether a particular notice complies with section 6111 is a legal conclusion that only the Court can draw after examining the notice.

[2] The Plaintiff may be entitled to enforce the note pursuant to 11 M.R.S. § 3-1301(2) if it can demonstrate that it is a transferee with the rights of a holder. *See* 11 M.R.S. § 3-1203 (2014).

[3] The Plaintiff produced a "replacement note" signed by the Defendants. (Pl.'s Ex. C.) Although this may ultimately assist the Plaintiff in meeting its burden to demonstrate that it is entitled to enforce the note pursuant to 11 M.R.S. §§ 3-1301(3), 3-1309, it does not establish that the Plaintiff is the holder of the 1990 Note, which apparently has been lost or destroyed. Also, some of the terms contained in the "replacement note" could not have been included in the original 1990 Note. For example, the replacement note references documents executed in 2003 and requires the Defendants to begin making payments in 1986, four years before the original 1990 Note was executed.

4

Finally, the Plaintiff failed to properly support its statements of material fact setting forth the amount allegedly due on both notes. Both the Plaintiff and its affiant allege that the Plaintiff's records reflect that the entire principle and over $200,000 in interest is due on both the 1986 Note and the 1990 Note. (Pl.'s S.M.F. ¶¶ 32-33.) However, neither the Plaintiff nor the affiant attached copies of the records these statements are based on as required by M.R. Civ. P. 56(e). *See Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10 & n.3, 21 A.3d 1015. Therefore, the Court may not properly consider these statements of material fact and the amount due remains unresolved, at least with regard to Warren Turner. *See* M.R. Civ. P. 56(h)(4).

For these reasons, the Plaintiff failed to establish that it is entitled to a judgment of foreclosure and sale. Because the Plaintiff failed to establish that it was entitled to enforce the notes pursuant to the Maine Commercial Code as well as the amount due, the Plaintiff is not entitled to summary judgment on its breach of contract claims. *See Tobin v. Barter*, 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088.

B. Anne Turner's Motion for Summary Judgment

Anne Turner moved for summary judgment on her cross claim alleging breach of contract and seeking contribution and a declaratory judgment on the order of priority. She also seeks a declaratory judgment that a portion of the property, which she refers to as the Middle Parcel, is not subject to either the 1986 Mortgage or the 1990 Mortgage and that the Middle Parcel must be sold together with the property at issue in this case. The Court must enter summary judgment if there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). A genuine issue of material fact exists when there is sufficient evidence for the factfinder to choose between competing versions of a fact that could affect the outcome of the case. *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745.

5

a. Breach of Contract

Anne Turner argues that Warren Turner breached their Marital Settlement Agreement, under which Warren Turner promised to assume, pay and hold Anne Turner harmless from the mortgage and related expenses. Summary judgment is appropriate on a breach of contract claim when the contract is unambiguous and there are no material facts in dispute. *See Bank of N.Y. Mellon v. Re/Max Realty One*, 2014 ME 66, ¶¶ 14-15, 91 A.3d 1059. "Contract language is ambiguous when it is reasonably susceptible of different interpretations." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (quoting *Portland Valve Inc. v. Rockwood Sys. Corp.*, 460 A.2d 1383, 1387 (Me. 1983)).

As part of their divorce, Anne Turner and Warren Turner entered into a Marital Settlement Agreement, which states in relevant part:

> The parcel of realty known as 570 East Elm Street, Yarmouth, Maine, and more particularly described at Book____, Page____ of the Cumberland County Registry of Deeds shall be set apart to Warren as his sole and separate property and he shall assume, pay and hold Anne harmless from the mortgage indebtedness, real estate taxes and all other expenses associated with the property. Warren shall accomplish the release of Anne from all liability under the mortgage indebtedness within five (5) years of the entry of the divorce judgment.

(Def.'s S.M.F. ¶ 10.) This provision unambiguously requires Warren Turner to assume and pay the mortgage indebtedness, real estate taxes, and all other expenses. The requirement that Warren Turner hold Anne Turner harmless within five years of the divorce judgment is similarly unambiguous. Black's Law Dictionary defines "hold harmless" as "[t]o absolve (another party) from any responsibility for damage or other liability arising from the transaction." Black's Law Dictionary 848 (10th ed. 2014); *see Lidstone v. Green*, 469 A.2d 843, 845 (Me. 1983) (affirming Superior Court's determination that provision requiring defendant "to hold harmless and to indemnify"

6

plaintiffs was unambiguous and entitled plaintiffs to judgment as a matter of law). It is undisputed that the Defendants have failed to make payments on the notes and mortgages at issue in this case and that this failure has resulted in a civil action against both Warren Turner and Anne Turner. (Pl.'s S.M.F. ¶¶ 23-24.) As a result, the Court finds that Anne Turner is entitled to summary judgment on her breach of contract cross claim.

### b. Contribution

Anne Turner also argues that Warren Turner is liable to her for any judgments against her because Warren Turner breached his fiduciary duty to her as a joint tenant. "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Restatement (Second) of Torts § 874 cmt. a. Anne Turner does not point the Court to any cases within this jurisdiction that have recognized a fiduciary relationship between joint tenants, and indeed, the Law Court has never held that such a relationship exists. The Law Court has stated generally that:

> A fiduciary duty will be found to exist, as a matter of law, only in circumstances where the law will recognize both the disparate positions of the parties and a reasonable basis for the placement of trust and confidence in the superior party in the context of specific events at issue. A court, therefore, must have before it specific facts regarding the nature of the relationship that is alleged to have given rise to a fiduciary duty in order to determine whether a duty may exist at law.

*Bryan R. v. Watchtower Bible & Tract Soc'y, Inc.*, 1999 ME 144, ¶ 20, 738 A.2d 839.

Anne Turner has not alleged facts that establish that she and Warren Turner were in disparate positions such that he was a "superior party." Anne Turner may have placed trust in Warren Turner to manage the property, however, the Court does not have before it the "specific facts" necessary to find the existence of a fiduciary duty. Therefore, the Court finds that Anne Turner is not entitled to summary judgment on her contribution cross claim.

7

c. Declaratory Judgment

Anne Turner seeks a declaratory judgment on the order of priority, the existence of liens on the Middle Parcel, and sale of the Middle Parcel together with the property at issue. A court may render a declaratory judgment whenever such relief "will terminate the controversy or remove an uncertainty." 14 M.R.S. § 5957 (2014). A declaratory judgment is an appropriate device for determining rights in property. Horton & McGehee, *Maine Civil Remedies* § 3-2(d)(3) at 45 (4th ed. 2004). However, a declaratory judgment as to the order of priorities would be premature at this time because there remains a genuine issue of material fact as to whether the Plaintiff may even enforce these notes, i.e., whether the Plaintiff can establish it is a transferee with the rights of a holder.

In addition, Anne Turner has not provided facts necessary to support her claim that the Middle Parcel should be sold with the property at issue. A court considers "only the material facts set forth, and the portions of the record referred to, in the statements of material facts. In summary judgment practice, the court 'is neither required nor permitted to independently search a record to find support for facts offered by a party.'" *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.2d 1158 (quoting *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653) (citation omitted). The Law Court has "repeatedly noted the importance of applying the summary judgment rules strictly in the context of mortgage foreclosures." *Id.* ¶ 9.

In her motion for summary judgment, Anne Turner argues that selling the Middle Parcel alone will significantly decrease its value, and that a joint sale will preserve her interest and the interests of the remaining lien holders. However, she does not point to any facts that support her claim that the Middle Parcel's value will decrease, and the

8

Court may not independently search the record for support. Therefore, the Court finds

that Anne Turner is not entitled to a declaratory judgment.

**The entry shall be:**

The Plaintiff's Motion for Summary Judgment is DENIED. Anne Turner's Motion for Summary Judgment is GRANTED as to Count I and DENIED as to Counts II and III. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 1/8/2016

Joyce Wheeler
Justice, Superior Court
Active Retired

9

| PARTY PLAINTIFF | LEGAL COUNSEL OF RECORD |
|---|---|
| H. Joseph Barthold, II Sole Trustee of Barthold Family Trust 48 Pheasant Hill Drive Scituate, MA 02066 | David C. Johnson, Esq. Marcus, Clegg & Mistretta, P.A. One Canal Plaza, Suite 600 Portland, ME 04101 |

| PARTY DEFENDANT | LEGAL COUNSEL OF RECORD |
|---|---|
| Warren M. Turner 570 East Elm Street Yarmouth, ME 04096 | None. |
| Anne M. Turner 747 East Main Street Yarmouth, ME 04096 | Richard Abbondanza, Esq. Hopkinson & Abbondanza 511 Congress Street, Suite 801 Portland, ME 04101 |

| PARTIES IN INTEREST | LEGAL COUNSEL OF RECORD |
|---|---|
| State of Maine 24 State House Station Augusta, ME 04333 | Kevin J. Crossman, Esq. Office of the Attorney General 6 State House Station Augusta, ME 04333-0006 |
| United States of America 85 Preble Street Portland, ME 04101 | Thomas E. Delahanty, Esq. U.S. Attorneys' office 100 Middle Street, 6th Floor Portland, ME 04101 |
| Scott Dugas Trucking & Excavation, Inc. 387 Elm Street Yarmouth, ME 04096 | Michael Bosse, Esq. Bernstein, Shur, Sawyer & Nelson 100 Middle Street, P.O. Box 9729 Portland, ME 04104-5029 |
| Scott Dugas 387 Elm Street Yarmouth, ME 04096 | Michael Bosse, Esq. Bernstein, Shur, Sawyer & Nelson 100 Middle Street, P.O. Box 9729 Portland, ME 04104-5029 |
| Robert Haas 51 High Street | Aubrey A. Russell, Esq. Shankman & Associates |

21

Yarmouth, ME 04096

472 Main Street, Suite 1
Lewiston, ME 04240

7-9 West Main Street Associates
c/o Robert Haas
51 High Street
Yarmouth, ME 04096

Aubrey A. Russell, Esq.
Shankman & Associates
472 Main Street, Suite 1
Lewiston, ME 04240

(o)    Legal counsel for Plaintiff, shall be responsible for recording this

Judgment in the Cumberland County Registry of Deeds. The recording fee shall be

incurred by Plaintiff and added to the amounts due Plaintiff.

Dated: _____, 2015

_____
Justice, Superior Court

Entered on the Docket on _____, 2015.

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S.A. § 2401(3)(F), I _____, Clerk of
the Cumberland County Superior Court, hereby certify that the applicable appeal period
has expired without action or final judgment has been entered after remand following
appeal.

Dated: _____, 2015

_____
Clerk, Cumberland County Superior Court

22