Frances A. LECLAIR

v.

Mary R. WELLS.

Supreme Judicial Court of Maine.

Dec. 22, 1978.

John P. Jabar, Waterville, (orally), for plaintiff.

Platz & Thompson, P.A. by Philip K. Hargesheimer (orally), Neria R. Douglass, J. Peter Thompson, Lewiston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

Frances A. LeClair, the plaintiff below, appeals from an order of the Superior Court, Kennebec County, granting summary judgment to the defendant, Mary R. Wells. We sustain the appeal.

The record indicates that the parties were involved in an automobile accident on October 23, 1975. Sometime after the accident occurred, Craig R. Merrill, an insurance adjuster employed by the State Farm Mutual Automobile Insurance Company (defendant's insurer), met with the plaintiff and entered into settlement negotiations. The plaintiff signed a release, issued a bill of sale for her demolished car, and received $600 in return. The release is dated October 23, 1975—the date of the accident.

When the plaintiff brought suit, the defendant set up the release as an affirmative defense and later moved for summary judgment pursuant to M.R.Civ.P. 56. In his affidavit filed in support of the motion, Insurance Adjuster Merrill explained that although the release is dated October 23, 1975, it was in fact signed one week later on October 30. LeClair's affidavit in opposition disputes this contention stating that the release was signed on the date indicated. Her affidavit also contains the following specific assertions of fact:

1. At the time the release was negotiated and signed, she was still suffering from injuries sustained in the collision.

2. She was not yet aware of the extent of those injuries.

3. Merrill was "somewhat abusive to me at the time and he pushed me hard to sign papers."

4. Merrill falsely represented

 a. that $400 was the most she could get for her car;

 b. that $200 would cover all of her medical expenses;

c. that the above—compensation for her car and medical expenses—was all that she was entitled to claim against the defendant, i. e., that she could not recover for conscious pain and suffering; and

d. that the release would not bar claims for future medical expenses and lost wages.

The Superior Court granted summary judgment in favor of the defendant and made the following written remarks:

[T]here is no material issue of fact as to the complaint of only negligence. Other than possible allegations of fraud in affidavit in opposition there is no pleading as to fraud. Affidavit alone is not sufficient.

 While it is true that a *valid* release will extinguish a cause of action, *Wiggin v. Sanborn,* 161 Me. 175, 210 A.2d 38 (1965); *Borden v. Sandy River and Rangeley Lakes R.R. Co.,* 110 Me. 327, 86 A. 242 (1913), the release will nevertheless be set aside if shown to be the product of fraud, misrepresentation, or overreaching. *Borden, supra.* The plaintiff contends, and we agree, that the specific factual assertions set forth in her affidavit, if believed by the trier of fact, are sufficient to justify setting aside the release on grounds either of misrepresentation or overreaching. Insofar as the plaintiff's affidavit generated a "genuine issue" regarding a "material fact"—the validity of the release—within the meaning of Rule 56, the grant of summary judgment was improper.[1] *Statler Industries, Inc. v. Board of Environmental Protection,* Me., 333 A.2d 703 (1975).

The entry is:

Appeal sustained.

Judgment reversed.

NICHOLS, J., did not sit.

1. The presiding Justice appears to have granted summary judgment on the ground that plaintiff failed in her complaint to plead that the release she had signed was invalid. The existence of a valid release covering the cause of action sued upon is a matter to be raised by the defendant in his answer as an affirmative defense. M.R. Civ.P. 8(c). Plaintiff's failure to mention the release in her complaint is therefore irrelevant. Her duty was completely discharged when, in response to defendant's motion for summary judgment, she submitted an affidavit drawn from personal knowledge containing assertions of fact sufficient to draw into question the validity of the release.