2011 ME 135

**ARROW FINANCIAL SERVICES, LLC**

v.

**Sarah I. GUILIANI.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 27, 2011.
Decided: Dec. 22, 2011.

Sarah I. Guiliani, on the briefs, appellant pro se.

Lauren A. Thomas, Esq., Susan J. Szwed, P.A., Portland, for appellee Arrow Financial Services, LLC.

Panel: SAUFLEY, C.J., and LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Sarah I. Guiliani appeals from a summary judgment entered in the District Court (Portland, *Goranites, J.*) ordering her to pay Arrow Financial Services, LLC (Arrow), as assignee of Washington Mutual Bank (Washington Mutual), damages in the amount of $3493.92, plus pre-judgment (3.41%) and post-judgment (6.61%) interest, plus court costs, for unpaid principal and interest on a credit card account. Because disputes remain as to material facts regarding the balance due on the account and its assignment to Arrow, we vacate the summary judgment.

## I. BACKGROUND

[¶ 2] On January 21, 2010, Arrow filed a complaint against Guiliani alleging breach of contract and unjust enrichment. On November 24, 2010, Arrow filed a motion for summary judgment. A statement of material facts supported the motion, *see* M.R. Civ. P. 56(h)(1), and Arrow provided the following documents to support the statement of material facts: (1) a sworn affidavit by an Arrow clerk; (2) a "Bill of Sale"; (3) a summary of the disputed account on Arrow letterhead; and (4) an unsigned copy of a letter Arrow's attorney sent to Guiliani to notify her of the unpaid balance.

[¶ 3] The summary judgment motion sought to establish that Arrow owns a credit card account registered to Guiliani and that Guiliani owes an unpaid balance of $5044.62 [1] on the account. To support the fact that Arrow owns Guiliani's credit card account, Arrow's affidavit asserts that Washington Mutual "assigned all of their rights, titles, and interest in [Guiliani's account] to ... Arrow Financial Services,

---

1. This total equals the alleged unpaid principal balance, $3493.92, plus interest as calculated by Arrow.

LLC." The attached bill of sale—purporting to support the assignment referenced in the affidavit—assigns, sells, and transfers accounts listed in the "Account Schedule attached ... as Appendix A" from Washington Mutual to Arrow. The documentation Arrow provided, however, does not include the account schedule or the "Appendix A" referenced in the bill of sale, nor does the bill of sale specifically reference Guiliani's account.

[¶ 4] To support the fact that Guiliani entered into a contract with Washington Mutual for a credit card, Arrow's affidavit states, "[a]ccording to [Arrow's] account records as well as the account information supplied by Washington Mutual Bank on or about December 16, 1999, [Guiliani] entered into a contract with Washington Mutual Bank for the provision of a revolving line of credit...." Arrow did not provide the original contract between Washington Mutual and Guiliani, nor did Arrow provide other documentation to support the assertion that Guiliani entered into a contract for a credit card with Washington Mutual.

[¶ 5] The summary judgment motion also sought to establish that Guiliani owes $5044.62 on the credit card account. To support this fact, the affidavit states that Arrow electronically maintains its account records and that Guiliani last made a payment on the account on or about December 11, 2006. The documentation Arrow provided in support of the affidavit is an account summary on Arrow letterhead dated October 19, 2009. The document summarily lists Guiliani's name, address, and redacted account number; identifies Washington Mutual as the original creditor; and states that the total current balance on her account is $5044.62. Arrow did not provide proof of the last payment referenced in the affidavit.

[¶ 6] On December 15, 2010, Guiliani filed a memorandum in opposition to Arrow's motion for summary judgment combined with her own motion for summary judgment. See M.R. Civ. P. 7(c), 56(b), (c). In her opposing memorandum, Guiliani denied all of the allegations made by Arrow and questioned the credibility of Arrow's affidavit and other documentation, but she did not provide her own statement of material facts or a supporting affidavit, nor did she reference any other documentation in support of her denials. See M.R. Civ. P. 56(h)(2).

[¶ 7] On February 11, 2011, without holding a hearing, the District Court granted Arrow's motion for summary judgment. The order stated only that the court was granting Arrow's motion for summary judgment on the pleadings, and awarded Arrow $3493.92, plus interest at the statutory rate, plus court costs.

[¶ 8] After several procedural filings not relevant here, Guiliani filed an amended notice of appeal to this Court, pursuant to M.R.App. P. 2.

## II. DISCUSSION

[¶ 9] We view the summary judgment record "in the light most favorable to the nonprevailing party to determine whether it demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law," and review the grant of a summary judgment motion de novo. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015 (quotation marks omitted). Because the plaintiff, Arrow, moved for summary judgment, Arrow "has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *Id.* (quotation marks omitted).

[¶ 10] Like the defendant in *Cach*, Guiliani's responsive filings are inadequate. *See* MR. Civ. P. 56(b), (c); *Cach*, 2011 ME

70, ¶ 9, 21 A.3d 1015. However, as we held in *Cach*, "[a] moving party's factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported." *Id.* Therefore, we now examine whether Arrow met its burden of proving each element of its claim without dispute as to material fact, and hold that it did not.

[¶ 11] In *Cach*, we held that an unsupported and unauthenticated "Debtor File Balance Report" and an affidavit that referenced "computerized and hard copy books and records" were not enough to establish each element of Cach's claim without dispute as to material fact. *Id.* ¶¶ 10–12 (quotation marks omitted). Here, Arrow provided a bill of sale, an account summary, a letter addressed to Guiliani, and an affidavit in support of its statement of material facts. We will address each of Arrow's factual assertions and supporting documentation in assessing whether they are sufficient to overcome Arrow's high burden on a summary judgment motion.

■ [¶ 12] Arrow first asserts that it is the assignee of Guiliani's credit card account with Washington Mutual. To prove this, Arrow provides the bill of sale, which names Washington Mutual as the seller, and Arrow as the purchaser, of "the Accounts listed in the Account Schedule attached … as Appendix A." Although this bill of sale may be proof that Arrow purchased some accounts from Washington Mutual, it does not contain the account schedule referenced therein, and Arrow did not provide the original contract between Washington Mutual and Guiliani, or any other documentation, as proof that Washington Mutual owned an account in Guiliani's name in the first instance. Furthermore, Arrow did not submit the account records and information supplied by Washington Mutual to Arrow as proof that

Guiliani entered into a contract for a credit card, as referenced in the affidavit.

■ [¶ 13] Arrow next asserts that Guiliani owes $3493.92 in principal on the credit card, plus interest. However, the account summary provided by Arrow, and referenced in the affidavit as "account records," only lists the total balance, including interest, on Guiliani's alleged credit card account, without identifying a principal balance or contracted interest rates. The letter that Arrow's attorney sent to Guiliani also references an unpaid balance, but neither document provides proof of the balance, such as a history of the charges to the card.

■ [¶ 14] Finally, Arrow asserts that Guiliani is deficient on payments toward her credit card balance. The affidavit states that Guiliani made purchases with the credit card issued by Washington Mutual and that Guiliani's last payment was made on or about December 11, 2006, but Arrow did not provide any other documentation in support of these facts. Also, the account summary does not prove that Guiliani was deficient with her payments on the credit card account because it does not list a payment schedule or past payments.

[¶ 15] Like in *Cach*, Arrow failed to properly establish each element of its claim without dispute as to material fact. 2011 ME 70, ¶ 12, 21 A.3d 1015. We do not need to address Guiliani's other claims raised on appeal because our ruling on the summary judgment issue is dispositive. Therefore, we vacate the District Court's grant of summary judgment.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.