STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-12-34
*JAW -CUM -7/17/2012*

CHALMERS HARDENBERGH

Plaintiff

v.

PATRONS OXFORD INSURANCE
COMPANY

Defendant

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 17 2012

RECEIVED

## DECISION AND ORDER ON PENDING MOTIONS

Before the court are several dispositive motions brought regarding the plaintiff's claim for declaratory judgment and money damages. Patrons Oxford Insurance Company ("Patrons" or "Defendant") brought a Motion to Dismiss the Complaint on February 17, 2012. Chalmers Hardenbergh ("Hardenbergh" or "Plaintiff") opposed this motion, noting that the Defendant was seeking a judgment on the merits of the case rather than testing the sufficiency of the complaint. Plaintiff then filed his Motion for Summary Judgment. The Defendant has opposed this motion and brought its own Motion for Summary Judgment. The positions of the parties have been fully, extensively, and repetitively briefed. Oral argument was held on June 29, 2012. Although procedurally there are three pending motions, because the substantive arguments advanced in each are the same the court will consider them as a whole.

1

## BACKGROUND

On or about September 16, 2011, Pan Am Systems, Inc., Springfield Terminal Railway Company, and David Andrew Fink filed a complaint in the U.S. District Court for the District of Maine against the Plaintiff, C.M. Hardenbergh, P.A., and Atlantic Northeast Rails & Ports, alleging defamation, defamation per se, false light, and punitive damages. (Pl. SMF ¶ 8.) The basis for the complaint is stated as follows: "On multiple occasions as indicated below, the Defendants published, without privilege, as fact untrue information regarding the Plaintiffs in Atlantic Northeast Rails & Ports Newsletters and E-Bulletins, as well as on the Atlantic Northeast Rails & Ports website; such publications contained false and defamatory statements...*including, but not limited to the following*...." (Pl. SMF ¶ 11 (emphasis added).)

Hardenbergh subsequently tendered the defense of the Pan Am lawsuit to Patrons, with which he had a Homeowner's Insurance Policy. (Pl. SMF ¶¶ 2, 9.) The Homeowner's Policy contains an additional coverage endorsement, covering "personal injury" which is defined to include "libel, slander or defamation of character." (Pl. SMF ¶ 6.) However, the additional coverage endorsement also contains exclusions, one of which states that "personal injury" coverage does not apply to "injury arising out of the business pursuits of any insured." (Pl. SMF ¶ 7.) Patrons, by letter dated September 25, 2011, declined to defend Hardenbergh on the grounds that the alleged defamation arose out of his business pursuits and was specifically excluded from his policy. (Pl. SMF ¶ 7.)

2

The Plaintiff then brought this action, seeking a declaratory judgment that Patrons has a duty to defend him in the Pan Am litigation and seeking money damages for costs already incurred in defending himself.

## DISCUSSION

The motion to dismiss standard of review requires the court to consider the facts alleged in the complaint as true and determine whether the plaintiff has stated a claim upon which relief may be granted. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). The summary judgment standard requires the court to determine if there are any genuine issues of material fact and, if not, when viewing the facts in the light most favorable to the non-moving party, determine if the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702.

Maine courts employ the "comparison test" to determine whether or not an insurer has a duty to defendant an insured. The "comparison test" is performed solely by comparing the allegation of the underlying complaint with the coverage provided in the insurance policy. *Am. Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 249 (Me. 1977). "The insured is entitled to a defense if there exists any legal or factual basis, *which could be developed* at trial, that would obligate the insurer to pay under the policy." *Am. Policyholders' Ins. Co. v. Kyes*, 483 A.2d 337, 339 (Me. 1984) (emphasis in original). "The facts alleged in the complaint need not make out a claim that specifically and unequivocally falls within the coverage," as long as the events complained of could be shown at trial to fall within the policy. *Mitchell v. Allstate Ins. Co.*, 2011 ME 135, ¶10, 36 A.3d 876. The

3

duty to defend is broad and any policy exclusions are construed strictly against the insurer. *Id.* at ¶ 11.

Patrons argues that the underlying complaint only complains of defamatory statements published in the Atlantic Northeast Rails & Port trade newsletter, e-bulletin, and/or website and that, because Hardenbergh is the editor, publisher, owner, and principal of Atlantic Northeast Rails & Ports, all of the alleged defamatory statements were made by Hardenbergh while operating his business. The underlying complaint does not identify the capacity in which Hardenbergh made the specific defamatory statements alleged and by using the language "including, but not limited to" when referring to the those statements, the underlying complaint leaves open the possibility of pursuing Hardenbergh individually. The court cannot assume the intentions of the plaintiff in the underlying action. The facts alleged in that complaint allow for the possibility that the defamation claims are asserted against Hardenbergh individually. Because the underlying facts giving rise to the complaint could be shown at trial to come within the coverage of the policy, the court finds that Patrons has a duty to defend Hardenbergh.[1]

**The entry is:**

Patrons Oxford Insurance Company's Motions to Dismiss and for Summary Judgment are DENIED. Chalmers Hardenbergh's Motion for Summary Judgment is GRANTED. Patrons Oxford Insurance Company is directed to defend Hardenbergh

---

[1] The Complaint also sought a declaratory judgment on the question of whether Patrons is required to indemnify Hardenbergh. (Compl. ¶ 2.) Patrons argues and the Plaintiff agrees that because the underlying complaint is still pending in the United States District Court, the indemnity question is premature.

4

in the pending case of *Pan Am Systems, Inc. et al. v. Atlantic Northeast Rails & Ports, Inc. et al.*, U.S. District Court for the District of Maine Case No: 2-11-cv-00339. Patrons Oxford Insurance Company shall reimburse Hardenbergh for attorneys' fees and costs incurred to date in the defense of the above cited litigation and Hardenbergh's reasonable attorneys' fees and costs incurred in the prosecution of this claim, pursuant to 24-A M.R.S. § 2436-B(2). Hardenbergh is directed to submit an affidavit detailing the defense costs of each action.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 7/17/12

Joyce A. Wheeler
Justice, Superior Court


Plaintiff-Jeffrey Edwards Esq
Defendant-Hillary Bouchard Esq

5