MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 118
Docket:        Yor-15-448
Submitted
  On Briefs:   June 22, 2016
Decided:       July 26, 2016

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

OCEAN COMMUNITIES FEDERAL CREDIT UNION

v.

GUY R. ROBERGE et al.


GORMAN, J.

[¶1]  Guy R. Roberge appeals from a summary judgment entered in the District Court (Biddeford, *Mulhern, J.*) in favor of Ocean Communities Federal Credit Union (the Credit Union) on the Credit Union's complaint for residential foreclosure.  Roberge contends that the court erred by concluding that the Credit Union established its entitlement to a summary judgment as to each element of foreclosure in accordance with M.R. Civ. P. 56.  We agree, and vacate the judgment and remand for a trial.

## I. BACKGROUND

[¶2]   On February 17, 2015, the Credit Union filed a foreclosure complaint in the District Court against Roberge and Lisa H. Pombriant concerning residential property in Biddeford.  The Credit Union alleged that

Roberge executed a note for a home equity line of credit on September 17, 2008, and that Roberge and Pombriant mortgaged the Biddeford property to secure Roberge's loan. The Credit Union further alleged that the City of Biddeford had placed tax liens on the property, and that the Credit Union had paid the amounts owed for the taxes, resulting in the City's release of the liens. The Credit Union asserted that Roberge was in default on the note and that Roberge and Pombriant had breached the mortgage by failing to reimburse the Credit Union for the tax lien advances. Roberge disputed the complaint.[1]

[¶3] The Credit Union moved for a summary judgment on June 15, 2015. For each of its accompanying statements of material facts, the Credit Union cited to either (1) the affidavit of Claude Morgan, the Credit Union's collections manager, in which Morgan referred to three attached exhibits— the note, the mortgage, and the notice of default, or (2) the affidavit of William J. Gallitto III, the Credit Union's attorney. By judgment dated August 18, 2015, the court granted a summary judgment for foreclosure and sale in favor of the Credit Union in the amount of $144,998.97. Roberge appeals.

---

[1] Pombriant apparently participated in the mediation attempts in this matter, but otherwise did not defend against the Credit Union's complaint. Pombriant is not a party to this appeal.

## II. DISCUSSION

[¶4]  Roberge challenges the court's entry of a summary judgment on the ground that the Credit Union did not establish each of the elements necessary to foreclose according to the requirements of Rule 56.  We consider the evidence in the summary judgment record in the light most favorable to Roberge, as the nonmoving party, to determine, de novo, whether the parties' summary judgment filings reveal any genuine dispute of material fact and whether the Credit Union is entitled to a judgment as a matter of law based on the undisputed facts.  *See* M.R. Civ. P. 56(c); *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158; *Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶ 6, 25 A.3d 96.

[¶5]  Although summary judgment practice has long used consistent standards, we have, in the past decade, detailed the application of those requirements to residential foreclosure matters in particular.  In doing so, "[w]e have repeatedly emphasized the importance of applying summary judgment rules strictly in the context of residential mortgage foreclosures." *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 (quotation marks omitted); *see Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158.

4

[¶6]  A party moving for a summary judgment in a foreclosure case must comply with several layers of requirements.  First, the motion must be accompanied by a "separate, short, and concise statement of material facts, set forth in numbered paragraphs" with only one fact per paragraph.  M.R. Civ. P. 56(h)(1).  Each fact must be supported by a citation to "the specific portions of the record from which each fact is drawn."  *Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158 (quotation marks omitted); *see* M.R. Civ. P. 56(h)(1), (4).

[¶7]  In the context of mortgage foreclosures, this supporting evidence primarily consists of affidavits signed by bank employees or representatives.  *Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.  "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  M.R. Civ. P. 56(e); *see Carter*, 2011 ME 77, ¶ 6, 25 A.3d 96.  Thus, the record references in both the statements of material facts and the affidavits themselves "must refer to evidence of a quality that could be admissible at trial."  *Gabay*, 2011 ME 101, ¶ 2 n.2, 28 A.3d 1158 (quotation marks omitted); *see Carter*, 2011 ME 77, ¶ 6, 25 A.3d 96; *Murphy*, 2011 ME 59, ¶ 9 & n.6, 19 A.3d 815.

[¶8]  When an affidavit refers to records as the basis for the affiant's knowledge, those records must be attached: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit *shall be attached* thereto or served therewith."[2]  M.R. Civ. P. 56(e) (emphasis added); *see Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015; *see also Arrow Fin. Servs., LLC v. Guiliani*, 2011 ME 135, ¶¶ 12-14, 32 A.3d 1055.  For example, in *Kulas*, the plaintiff submitted with its motion for summary judgment a bank officer's affidavit stating that the plaintiff obtained the defendant's account pursuant to an assignment from the bank, and referring to "computerized and hard copy books and records" of the bank to support the fact of the assignment; none of those records was attached to the affidavit.  2011 ME 70, ¶¶ 3, 10, 21 A.3d 1015 (quotation marks omitted).  We concluded that "[w]ithout a sworn or certified copy of the assignment, the summary judgment record does not support [the plaintiff's] assertion that it was the assignee of [the defendant's] account," and we vacated the summary judgment in favor of the plaintiff.  *Id.* ¶¶ 10, 12.

---

[2]  Likewise, a court may consider documents at the summary judgment stage only when the documents are attached to an affidavit that authenticates the documents according to M.R. Civ. P. 56(e).  *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 11, 21 A.3d 1015.

[¶9]   Indeed, in foreclosure cases, "the information supplied by the affidavits is largely derivative because it is drawn from a business's records, and not from the affiant's personal observation of events." *Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.  Business records are hearsay and therefore inadmissible pursuant to M.R. Evid. 802 unless they meet the requirements of the business records exception in M.R. Evid. 803(6).  *Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815.  We review the trial court's foundational findings as to the admissibility of evidence for clear error and, if the admissibility of the evidence is established by undisputed foundational facts, we review the court's consideration of that evidence for an abuse of discretion.  *Carter*, 2011 ME 77, ¶ 9, 25 A.3d 96.

[¶10]   To qualify documents for the business records exception, the moving party first must establish that the affiant is the custodian of the records "or another qualified witness."  M.R. Evid. 803(6); *see Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 14 n.11, 122 A.3d 947; *Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815.  "A qualified witness is one who was intimately involved in the daily operation of the business and whose testimony showed the firsthand nature of his knowledge." *Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815 (alteration omitted) (quotation marks omitted).

[¶11]  Once the qualifications of the witness are established, the moving party must lay the necessary foundation for the admission of the documents as business records, namely, that

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
>
> (2) the record was kept in the course of a regularly conducted business;
>
> (3) it was the regular practice of the business to make records of the type involved; and
>
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700 (quotation marks omitted).  In sum, when an affidavit refers to a purported business record, that business record must be attached to the affidavit, the affidavit must establish the affiant's qualification to testify to the contents of the record, and the affiant must lay the necessary foundation for the admissibility of the record pursuant to the business records exception to hearsay.  If these foundational elements are not established by competent undisputed evidence, the court cannot consider the record when it reviews the request for a summary judgment. *Carter*, 2011 ME 77, ¶¶ 10-11, 25 A.3d 96.

8

[¶12] If the nonmoving party does not adequately oppose the moving party's statements of material facts in accordance with Rule 56(h)(2), those facts are deemed admitted. M.R. Civ. P. 56(h)(4); *Guiliani*, 2011 ME 135, ¶ 10, 32 A.3d 1055. This is true, however, only if those statements of material facts are properly supported by record references. *Guiliani*, 2011 ME 135, ¶ 10, 32 A.3d 1055; *Gabay*, 2011 ME 101, ¶¶ 2 n.2, 8, 28 A.3d 1158. "Summary judgment practice in foreclosure cases requires that the trial court examine the merits of the plaintiff's materials filed in support of summary judgment regardless of any inadequacies in a defendant's opposition to summary judgment." *Gabay*, 2011 ME 101, ¶ 7 n.7, 28 A.3d 1158. Even if there is no opposition to the motion, the summary judgment record must be evaluated to determine the moving party's compliance with these requirements. *Id.* ¶ 8.

[¶13] Further, "the court is neither required *nor permitted* to independently search a record to find support for facts offered by a party." *Id.* (emphasis added) (quotation marks omitted). The existence of supporting evidence in the trial court record does not satisfy the moving party's burden; that evidence must be (1) included in the summary judgment record, (2) the subject of one or more statements of material facts, and (3) cited to in the

statements of material facts. *Gabay*, 2011 ME 101, ¶¶ 8-9, 16-17, 22-25, 28 A.3d 1158; *Kulas*, 2011 ME 70, ¶ 10 n.3, 21 A.3d 1015.

[¶14] With these standards in mind, we turn to the Credit Union's statements of material facts. To obtain a summary judgment for foreclosure, the moving party must establish the following eight elements based on undisputed facts in the summary judgment record:[3]

- the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

- properly presented proof of ownership of the mortgage note and evidence of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- a breach of condition in the mortgage;

- the amount due on the mortgage note, including any reasonable attorney fees and court costs;

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

---

[3] Neither the note nor the mortgage has been assigned or otherwise transferred, and therefore the standing of the Credit Union to seek a residential foreclosure is not at issue. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 6-17, 96 A.3d 700.

- after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

- if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (alterations omitted) (quotation marks omitted). If the summary judgment record does not properly establish any one of these elements, the entry of a summary judgment is precluded. *See Gabay*, 2011 ME 101, ¶¶ 10, 18, 28 A.3d 1158.

[¶15] The Credit Union has submitted statements of material facts relevant to the eight foreclosure elements. Each of those material facts contains a citation to a specific portion of the summary judgment record, namely, either the Morgan affidavit or the Gallitto affidavit. We agree with Roberge, however, that the Credit Union's statements of material facts do not comply with Rule 56 in several respects.[4]

---

[4] In places, the Credit Union has alleged more than one fact per paragraph, in violation of M.R. Civ. P. 56(h)(1). For example, the Credit Union asserts:

> Defendant Roberge has defaulted on the Agreement, and Defendants Roberge and Pombriant have defaulted on the Mortgage by virtue of their failure to make monthly payments when due. As a result of the Defendants' default, Defendants were sent a Notice of Right to Cure (hereinafter "Demand Notice"), dated September 26, 2014, advising them of the default and of Ocean[']s intention to exercise its rights under the Agreement and Mortgage. *See* Morgan Affidavit at ¶¶ 13-14 and its attached **Exhibit C**.

[¶16]   First, the Gallitto affidavit is the sole portion of the summary judgment record cited to establish the order of priority of claims on the property.   In his affidavit, Gallitto attests, "I have under my custody and control the records relating to the services rendered by Bergen & Parkinson, LLC in connection with this foreclosure action," and states, "My knowledge as to the facts set forth in this Affidavit is derived from my personal knowledge of these records."   The law firm records referenced, which form the basis of Gallitto's affidavit, are not attached to his affidavit.   The Gallitto affidavit therefore does not comply with Rule 56(e) and its assertions concerning the order of priority must be disregarded.  *See Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015.  Without the Gallitto affidavit, the Credit Union has failed to establish at least one element in its summary judgment filings.   The inadequacy of the Gallitto affidavit is, by itself, sufficient ground to vacate the summary judgment in favor of the Credit Union.   The Morgan affidavit suffers from numerous problems as well, however.

[¶17]   Like the Gallitto affidavit, the Morgan affidavit states that it is "derived from [Morgan's] personal knowledge, together with [his] first-hand knowledge" of "the records relating to the mortgage transactions referenced below" that the Credit Union "has under its custody and control."   Thus,

12

Morgan's affidavit confirms that its content is based, at least in part, on the Credit Union's business records. The only records attached to the affidavit, however, are copies of the note, the mortgage, and the notice of default. Even assuming Morgan is a qualified witness, and that the requisite business records foundation for these documents has been laid,[5] these documents are insufficient to establish multiple elements of the foreclosure claim, most notably, the elements of breach and the amount due.

[¶18] As to breach, Morgan states that "[t]he records maintained by [the Credit Union] reflect that [Roberge] has defaulted and breached the Agreement, and [Roberge and Pombriant] have defaulted and breached the Mortgage by virtue of their failure to make monthly payments when due." As support for that assertion, the Morgan affidavit cites only the original note and mortgage, neither of which contains any information regarding what

---

[5] Roberge argues that Morgan has not established the requisite foundation for the admission of business records because his affidavit does not show that he has firsthand knowledge of how the Credit Union creates or maintains its records. In *Greenleaf*, for example, we observed that the bank's testifying employee did not establish that she was a custodian or qualified witness to lay the foundation for the admission of the bank's records; although she testified that she was a bank employee, "she did not testify about what involvement she ha[d] in the Bank's recordkeeping operations or how she came to have firsthand knowledge of the Bank's records," and did not, for example, testify as to "how long or in what capacities she ha[d] worked for the Bank, what type of familiarity with the Bank's records [was] required for her job . . . , or how or how often she accesse[d] those records." 2014 ME 89, ¶ 26, 96 A.3d 700. Thus, it is not enough to simply assert employment with the bank or general familiarity with bank records. We need not address whether Morgan's affidavit establishes that he is the custodian or other qualified witness of the Credit Union's records, however, given the other insufficiencies in the summary judgment record.

payments were made or not made, the dates of any such payments, or any other information beyond the fact of the initial execution of the note and mortgage.[6]

[¶19]  As to the amount due, Morgan attests that Roberge owes $144,998.97 as of June 2, 2015, but the affidavit attaches no Credit Union records supporting that amount.[7]  In addition, as to legal fees, both Morgan and Gallitto recite that Roberge owes $4,292.43 in "Legal Services (paid to date)," but neither attaches any law firm or Credit Union documentation of that amount.[8]

---

[6]  To the extent the Credit Union relies on the notice of default as evidence of breach, that document also does not reflect any payment history information.  It is simply an earlier recitation of the same assertions as in the summary judgment record; it does not support that a breach occurred, only that the Credit Union purports to have *notified* Roberge that a breach occurred.

[7]  The statements of material facts and the Morgan affidavit also refer to two tax liens recorded by the City, which were paid by the Credit Union and then released by the City by means of another recorded document.  Presumably, these tax lien amounts form some portion of the Credit Union's claim of the amounts owed, but its statements of material facts do not assert that as a fact and none of these documents is included in the summary judgment record.

[8]  In addition, we are not persuaded by the Credit Union's argument that the absence of attached records is not fatal to its summary judgment because both Morgan and Gallitto executed their affidavits based on their personal knowledge.  In their affidavits, Morgan and Gallitto purported to have personal knowledge *of the Credit Union's and the law firm's business records*.  To the extent either claims to have personal knowledge of the precise amount due on the note, the book and page number of the recorded tax liens, or the precise amount of reasonable attorney fees, for example, without referencing any business records, those claims indicate an inherent lack of trustworthiness in the affidavits, rendering that testimony inadmissible in any event.  *See Richards Realty Co. v. Inhabitants of Town of Castle Hill*, 406 A.2d 412, 413 (Me. 1979) (observing that an affidavit "states no circumstances that show *affirmatively*" that the affiant could have "the kind of continuing personal knowledge of [tax lien mortgage information] over a period of forty years that would render him competent to testify to their existence" (quotation marks omitted)).

14

[¶20]  The summary judgment record is also deficient as to the element of notice of default.  Among other requirements, 14 M.R.S. § 6111 (2015) allows the debtor "35 days after the date that written notice [of default] is given by the mortgagee to the mortgagor and any cosigner . . . to cure the default by full payment of all amounts that are due without acceleration." 14 M.R.S. § 6111(1).  Notice may be given either by "[c]ertified mail, return receipt requested," or by "[o]rdinary first class mail, postage prepaid." 14 M.R.S. § 6111(3).  When the former is used, notice is "given" on the date that the debtor signs the receipt or the post office makes its last attempt to deliver it.  14 M.R.S. § 6111(3)(A).  When the latter is used, notice is "given" on the date that the debtor receives the notice.[9]  14 M.R.S. § 6111(3)(B).

[¶21]  Morgan's affidavit states that a notice of default was sent to Roberge on September 26, 2014.  A copy of the notice of default is attached to Morgan's affidavit; the notice indicates that it was sent via both certified mail and ordinary mail.  As Roberge points out, however, there is no evidence regarding the date on which the return receipt was signed for the certified mail delivery, nor any evidence of when Roberge received the notice by ordinary mail.  Although a copy of the certified mail receipt stating that

---

[9]  "A post office department certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt on the 3rd calendar day after mailing."  14 M.R.S. § 6111(3)(B) (2015).

Roberge received the notice on September 26, 2014, was attached to the complaint, the Credit Union did not include that evidence in its summary judgment filings, and we do not rely on evidence elsewhere in the trial record that is not incorporated into the summary judgment record. *See Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158. Thus, the Credit Union has failed to establish that it provided proper notice of the default and right to cure in the summary judgment record as is required by section 6111.

[¶22] In sum, the Credit Union's summary judgment filings failed to establish at least four of the necessary eight elements for a residential foreclosure. We therefore vacate the entry of the summary judgment in the Credit Union's favor and remand the matter to the District Court for the matter to proceed to trial.

The entry is:

Judgment vacated.   Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Elizabeth LaPierre, Esq., and Bridget McMahon, Esq., Legal Services for the Elderly, Scarborough, for appellant Guy R. Roberge

William J. Gallitto, III, Esq., Bergen & Parkinson, LLC, Saco, for appellee Ocean Communities Federal Credit Union