STATE OF MAINE                           DISTRICT COURT
CUMBERLAND, ss:                    Location: Portland
                                    Docket No. PORDC-SC-18-045

PORTFOLIO RECOVERY,  )
                       )
          Plaintiff   )
v.                   )       **SMALL CLAIMS JUDGMENT**
                       )
LISA MARKLEY,        )
                       )
         Defendant   )

REC'D CUMB CLERKS OF
JAN 18 '19 AM 11:05

       This matter came before the court for hearing on plaintiff's claim seeking recovery of $775.90 alleged to be the unpaid balance for charges and fees owed on an assigned/ purchased credit card account. Plaintiff appeared by counsel. Defendant was also represented by counsel but did not appear herself. Plaintiff did not present any witness, and based its claim for recovery on the statement of claim, the affidavit by plaintiff's 'representative' and attached documents that were submitted along with the original statement of claim. Defendant's counsel objected to the admission of the affidavit and documents. Defendant did not testify or present any other testimony or evidence. Counsel then argued their respective positions and the court took this case under advisement to review the documentary evidence presented and the argument of counsel.

       In general, the rules of small claims procedure must be applied in these proceedings, and where no procedure or rule is prescribed, the court is instructed to proceed in a manner consistent with an analogous provision of the Maine Rules of Civil Procedure. M.R.Sm.Cl.P. 15. There are several specific rules which have a bearing on the determination of this case. For example, M.R.Sm.Cl.P. 3(b) does not require the filing of any responsive pleading and specifically provides that "..[i]f no responsive pleading is filed, all facts in the statement of claim shall be taken as denied....". Thus, unlike M.R.Civ.P 8(d), defendants in small claims' cases have no obligation to file anything, and their silence or inaction does not preclude or limit their defense. Plaintiff therefore retains the burden of proof to establish its claim by competent evidence at trial upon challenge by the defendant.

       In its recent decision of *Portfolio Recovery Associates, LLC v. Bickford*, 2017 ME 140, ¶¶ 12, 13 the Law Court has clearly stated that affidavits submitted as evidence in lieu of testimony in small claims proceedings are admissible since there is no requirement that the plaintiff present a 'live' witness to support its claim. At the same time, the Law Court specifically deferred to the trial court's assessment of the quality of the evidence presented, as well as the weight given by the trial judge to that evidence in determining the claim. *Id.* at ¶ 9. Previously this

1

Court has denied the admissibility of affidavits if the Plaintiff did not have a live witness to support its claim. The Court now reconsiders its position with regard to this issue upon re-examination of the Bickford case. Therefore, this court now determines that it is required to accept the evidence presented by plaintiff and must then determine the weight and the sufficiency of this evidence in deciding this claim.

In this case, the statement of claim avers that plaintiff is a purchaser of a credit card account originally owned by Synchrony Bank. The affiant, an employee of Portfolio Recovery Associates, states that she is "authorized to make the statements, representations and averments herein and do so based upon a review of the business records of […] Synchrony Bank. She further describes the business records as maintained in the ordinary course of business. The affidavit however does not describe what first-hand knowledge, or any knowledge the affiant has regarding the ordinary course of business of Synchrony Bank. Nor does she state in the affidavit what personal knowledge she has with regard to Portfolio's business records practice. The photocopy of the affidavit of sale (completed by an "Affidavit Documentation Specialist") is dated over a month after the date of sale and does not specifically reference or identify the defendant's alleged account. It contains the conclusion that the records transferred were "…kept in the ordinary course of business…" and that "the Creditor" has a process to detect and correct errors on these accounts…" without further explanation.[1]

Additionally, the "Bill of Sale" references a Forward Flow accounts Purchase Agreement (the "Agreement) between Synchrony and Portfolio Recovery, but no agreement is attached other than a two page print out of a chart with no title, or date, or signatures. The court finds that overall the quality, nature and manner of the evidence that plaintiff has submitted does not support its claim.[2]

The plaintiff's counsel articulated the legal claims of 'breach of contract'. In order to support a claim for breach of contract, plaintiff is first required to prove that the parties had a contract that evidences a meeting of the minds between the parties and mutual assent to by bound by the material terms of that contract. *Sullivan v. Porter*, 2004 ME 134, ¶ 13; *Ouellette v. Bolduc*, 440 A.2d 1042, 1045 (Me. 1982). There must be credible evidence presented as to the specific material terms of the alleged contract existing between the parties. In the present case, there is no contract, no agreement and no explanation provided in supporting affidavit(s). In addition, plaintiff has simply produced copies of two bills, which simply document the creditor's demand for payment *at that time* and a claim for interest

---

[1] No information is given about the 'process', how the affiant knows about this 'process' or whether it was performed on the subject account record(s).

[2] The court notes that recent changes to legislation will require plaintiff in future cases of this type to provide a different quality and type of evidence in support of these claims. *See*, P.L. 2017 ch. 216, 32 M.R.S. § 11019 and § 11013. To be clear, the court is not applying these standards or criteria to the transaction or claim in this case. However, it is an indication that the Maine Legislature has found fault with the quality of the evidence that creditors of assigned collection accounts like the plaintiff in this case have presented to the court in the past, as well as the manner in which these debts have been collected in this State.

or fees *as of that date* in a specified amount without any proof that these were agreed upon terms between the parties.

In order to obtain relief for a breach of contract, a plaintiff must demonstrate that the defendant breached a material term of the contract and that the breach caused the plaintiff to suffer damages. *Tobin v. Barter*, 2014 ME 51, ¶ 10. Again, plaintiff has failed to state or document the material term of the contract breached by the defendant, or that it has suffered specific and justifiable damages.[3]

Nothing requires plaintiff or any creditor to file an action in small claims court.[4] The advantage of small claims actions is that the creditor may obtain a faster judgment through less formal proceedings. At the same time, despite the relaxation of the rules of evidence, nothing suggests that a plaintiff is still not required to meet the same burden of proof and legal standard for recovery required in other civil cases in order to obtain judgment in a contested case. The decision of this court is not a barrier to recovery and several alternatives are available to plaintiff in future cases of this type. Plaintiff can comply with the requirements of 16 M.R.S. § 355 and seek judgment on that basis.[5] Plaintiff can offer supporting testimony, which could include a prior request to allow a witness to testify by telephone or by other means of communication with proper safeguards imposed. Plaintiff can also seek to introduce other business records or documents through competent testimony to support its claim, which may include compelling the appearance of the defendant as a witness.[6] Instead, Plaintiff asks the Court to rely on minimal, mostly unreliable, evidence.

Therefore, for the reasons set forth above, plaintiff has failed to meet its burden of proof, and it is **HEREBY ORDERED** that judgment will be entered for the defendant.

---

[4] 14 M.R.S. § 7481 establishes that small claims is an alternative, and not an exclusive proceeding.

[5] The court acknowledges that in light of Law Court decisions interpreting this statute and its requirements, it will be difficult for creditors like the present plaintiff (an assignee of an account) to meet the required legal standard for recovery as an account annexed.

[6] The court does not suggest or impose the requirement that plaintiff produce and meet the standard for affidavits or admission of business required by the rules of evidence or other civil cases *at this time*. See, P.L 2017, ch. 216, and future application of the provisions of 32 M.R.S. § 11013 to accounts purchased after 1/1/18. *Cf. Arrow Financial Services v. Guiliani*, 2011 ME 135, ¶ 3, 32 A.3d 1055, 1056; *Beneficial Maine v. Carter*, 2011 ME 77, ¶14, 25 A.3d 96, 102. However, depending on its theory of recovery, plaintiff must still provide some credible evidence demonstrating (1) that it is the owner of an account; (2) that defendant is liable on the account; (3) the contractual terms and conditions of the account (rates of interest, fees charged, payment dates and amendments), and (4) how the damage claim was calculated.

The Clerk of Court is instructed pursuant to M.R.Civ. P. 79(a) to incorporate this order by making the following reference by notation on the civil docket: "Judgment for defendant".

DATED: 1/18/19

_____
Hon. Maria A. Woodman
Judge, District Court
Maine District Court