

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2021-223

ANDROSCOGGIN SAVINGS
BANK,

Plaintiff,

v.

CRAIG'S ALL NATURAL, LLC,
MAINE FRESH, LLC, and CRAIG
RIEF,

Defendants.

ORDER ON PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT AND MOTION TO
ENLARGE TIME TO RESPOND TO
DEFENDANTS' ADDITIONAL
STATEMENT OF MATERIAL FACTS

REC'D CUMB CLERKS OFC
FEB 10 '22 PM4:16

Before the Court is Plaintiff Androscoggin Savings Bank's ("the Bank") Motion for

Partial Summary Judgment. The Bank moves for summary judgment on Counts I and II

of the Complaint. For the following reasons, the Court grants the Bank's Motion for

Partial Summary Judgment. The Bank's "Motion to Enlarge Time to Respond to

Defendants' Additional Statement of Material Facts, If Necessary" is also pending. The

Court denies the Motion because the Bank has failed to show good cause.

I. Facts

The following facts are drawn from the parties' statements of material facts. At the

outset, the Court notes that Defendants' properly supported Additional Statements of

Material Fact are deemed admitted because the Bank failed to controvert the statements

with citation to the record.

The Bank is a Maine bank with a place of business in Portland, Cumberland

County, Maine. (Pl.'s S.M.F. ¶ 1.) Defendant Craig's All Natural, LLC ("CAN") is a New

Hampshire limited liability company. (Pl.'s S.M.F. ¶ 2.) Defendant Craig Rief ("Mr. Rief")

(CAN and Mr. Rief, collectively, "Defendants")[1] is a New Hampshire resident and a member and manager of CAN. (Pl.'s S.M.F. ¶ 3.) On June 25, 2015, CAN executed an delivered a commercial promissory note to the Bank in the original principal amount of $350,000 ("the 2015 Note"). (Pl.'s S.M.F. ¶ 4.) CAN granted the Bank a security interest in its business assets, including all equipment, accounts, inventory, and general intangibles, to secure the 2015 Note. (Pl.'s S.M.F. ¶ 4.) On June 17, 2016, CAN executed and delivered a second commercial promissory note to the Bank in the amount of $362,000 ("the 2016-1 Note") and a third commercial promissory note in the amount of $140,000 ("the 2016-2 Note") (the 2015 Note, the 2016-1 Note, and the 2016-2 Note, collectively, "the Notes"). (Pl.'s S.M.F. ¶¶ 5, 6.) Mr. Rief executed and delivered to the Bank an unlimited personal guaranty of CAN's payment and performance of the Notes ("the Guaranty").[2] (Pl.'s S.M.F. ¶ 7.)

Circumstances related to the COVID-19 pandemic caused significant financial difficulties for CAN. (Defs.' S.M.F. ¶¶ 12-15.) As a result, CAN was unable to make timely payments on the Notes. (Defs.' S.M.F. ¶ 18.) In negotiations to resolve the default, CAN and the Bank considered the following plan: CAN would pay the amount due on one of the Notes and then lease certain equipment to fund future payments on the Notes. (Defs.' S.M.F. ¶¶ 18-22.) Defendants allege that the Bank indicated this plan was acceptable. (Defs.' S.M.F. ¶ 22.) Accordingly, Defendants paid the amount due on one Note and drafted a lease agreement. (Defs.' S.M.F. ¶ 23.) Shortly thereafter, the Bank informed Defendants that it would no longer agree to this arrangement and demanded resolution

---

[1] Neither Count I nor Count II of the Complaint is brought against Defendant Maine Fresh, LLC.
[2] To secure the 2016-1 Note, CAN granted the Bank a security interest in its business assets, including all equipment, accounts, inventory, and general intangibles. (Pl.'s S.M.F. ¶ 5.) To secure the 2016-2 Note, CAN granted the Bank a purchase money security interest in (1) a CMP Model 1000 humane two-lane shellfish stunner, (2) a CMP Model 2000 human four-lane shellfish stunner, (3) an electronic shellfish stunner, and (4) a TUC soup form fill. (Pl.'s S.M.F. ¶ 6.)

of the defaults on all three Notes. (Defs.' S.M.F. ¶¶ 24, 25.) On November 27, 2020, the Bank served CAN and Mr. Rief with a default notice related to the Notes. (Pl.'s S.M.F. ¶ 8.)[3]

On April 16, 2021, Defendants and the Bank entered into a forbearance agreement ("the Forbearance Agreement"), in which CAN and Mr. Rief (1) acknowledged their defaults related to the Notes; (2) ratified their indebtedness to the Bank related to the Notes; and (3) released any and all claims and setoffs that they may have had against the Bank with respect to the Notes. (Pl.'s S.M.F. ¶ 9; Pl.'s Ex. E ¶¶ 2(b), 11.) On June 2, 2021, the Bank served Defendants with a default notice related to the Forbearance Agreement. (Pl.'s S.M.F. ¶ 10.) As of June 2, 2021, the amounts due related to the Notes were as follows (excluding collection costs and attorneys' fees):

**2015 Note**

| | |
|---|---|
| Principal | $595,000.00 |
| Interest | $43,905.75 |
| Late Charges | $35,805.77 |
| Other Fees | $4,078.88 |
| Total | $678,790.40 |
| Per Diem Interest | $165.28 |

**2016-1 Note**

| | |
|---|---|
| Principal | $171,975.03 |
| Interest | $13,263.04 |
| Late Charges | $10,582.11 |
| Other Fees | $2,362.03 |
| Total | $198,182.21 |
| Per Diem Interest | $45.98 |

**2016-2 Note**

| | |
|---|---|
| Principal | $65,998.85 |
| Interest | $3,268.52 |
| Late Charges | $4,071.64 |
| Other Fees | $150.00 |
| Total | $73,489.01 |
| Per Diem Interest | $17.65 |

---

[3] Although Defendants respond that they are unaware of the date or content of any notice, Mr. Rief's own affidavit indicates that he is aware that the notice was a default notice related to the Notes and is aware of the date the notice was received. (Rief Aff. ¶ 17.) Accordingly, this fact is deemed admitted.

(Pl.'s S.M.F. ¶ 11.) Defendants dispute the amounts above only on the basis that the Bank's alleged failure to mitigate damages should offset their liability. (Defs.' Opp. S.M.F. ¶ 11.)

In Count I of its Complaint, the Bank seeks money judgment against CAN for the amounts set forth above, with additional accrued interest, escrow payments, late charges, and costs of collection, including reasonable attorneys' fees. (Compl. ¶¶ 15-18.) In Count II, the Bank seeks money judgment for the same against Mr. Rief as guarantor. (Compl. ¶¶ 19-22.)

## II. Legal Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. A court may consider documents at the summary judgment stage when the documents are attached to an affidavit that authenticates the documents according to M.R. Civ. P. 56(e). *Ocean Cmtys. Fed. Credit Union v. Roberge*, 2016 ME 118, ¶ 8 n.2, 144 A.3d 1178.

A contested fact is material if it could potentially affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. A genuine issue of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence

must be sufficient to allow a fact-finder to make a factual determination without speculating."[4] *Est. of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

### III. Discussion

"A promissory note is a contract." *QAD Investors v. Kelly*, 2001 ME 116, ¶ 13, 776 A.2d 1244, 1248. Accordingly, ordinary rules of construction apply. *Id.* When a contract is unambiguous, the interpretation of the contract is a question of law. *Id.* (citing *Acadia Ins. Co. v. Buck Constr. Co.*, 2000 ME 154, ¶ 8, 756 A.2d 515, 517).

Defendants do not dispute that CAN executed the Notes, Mr. Rief executed the Guaranty, and the Defendants executed the Forbearance Agreement acknowledging the defaults on the Notes. The record establishes that CAN and Mr. Rief are liable to the Bank for the amounts due on the Notes set forth above.

Defendants raise two defenses to enforcement of the Notes. They argue that (1) the Bank failed to mitigate damages and (2) failed to act in good faith when it did not follow through with CAN's proposal to resolve the defaults. Viewing the record in the light most favorable to Defendants, this may have constituted a breach of the obligations to mitigate damages and act in good faith.[5]

However, even if the Bank's conduct did constitute a breach of the obligation of good faith or the obligation to mitigate damages, Defendants waived all counterclaims, defenses, and offsets to liability on the Notes in the Forbearance Agreement. The release is broad and unambiguous, and the events Defendants allege predate the Forbearance

---

[4] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e). A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cnty. Comm'r*, 2004 ME 157, ¶ 13, 864 A.2d 169.

[5] However, nothing in the record suggests that the Bank acted with "ulterior motives, or for anything other than business reasons in exercising their rights," or intentionally misrepresented its position. *Diversified Foods, Inc. v. First Nat'l Bank*, 605 A.2d 609, 614 (Me. 1992).

Agreement. Moreover, Defendants do not claim that fraud, misrepresentation, or overreaching induced Mr. Rief to execute the Forbearance Agreement, nor have they raised facts calling into question the validity of the release and waiver. *See Le Clair v. Wells*, 395 A.2d 452 (Me. 1978). Thus, Defendants have failed to generate a genuine issue of material fact as to the validity of the release and waiver or, consequently, as to any defenses to liability on the Notes. Accordingly, the Bank is entitled to summary judgment in its favor on Counts I and II of the Complaint.

## IV. Conclusion

For the foregoing reasons, the Bank is entitled to summary judgment in its favor on Counts I and II of the Complaint.

The entry is:

1. Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the Complaint is GRANTED. Plaintiff is entitled to money judgment in its favor in the following amounts, plus costs of collection and reasonable attorneys' fees:

    - 2015 Note: $678,790.40, plus interest at the rate of $165.28 per day from June 2, 2021 through the date of this Order;

    - 2016-1 Note: $198,182.21, plus interest at the rate of $45.98 per day from June 2, 2021 through the date of this Order; and

    - 2016-2 Note: $73,489.01, plus interest at the rate of $17.65 per day from June 2, 2021 through the date of this Order.

2. Plaintiff's Motion to Enlarge Time to Respond to Defendants' Additional Statement of Material Facts is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _February 10, 2022_

_____
Mary Gay Kennedy, Justice
Maine Superior Court

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                              Docket No. CV-2021-223

                              )
ANDROSCOGGIN SAVINGS BANK,    )
                              )
        Plaintiff,            )
                              )
                              )
        v.                    )          ORDER ON DEFENDANTS'
                              )          REVISED MOTION TO PERMIT
                              )          DISCOVERY
CRAIG'S ALL NATURAL, LLC,     )
MAINE FRESH, LLC, and CRAIG   )
RIEF                          )
                              )
        Defendants.

Before the Court is Defendants Craig's All Natural, LLC, Maine Fresh, LLC, and

Craig Rief's Revised Motion to Permit Discovery pursuant to M.R. Civ. P. 56(f). For the

following reasons, the Motion is denied.

I.    Background

        Over the course of two years, Defendant Craig's All Natural, LLC ("CAN")

executed and delivered three commercial promissory notes ("the Notes") to Plaintiff

Androscoggin Savings Bank ("the Bank"). (Compl. ¶¶ 7-9.) Defendant Craig Rief ("Mr.

Rief") executed a personal guaranty of the Notes. (Compl. ¶ 10.) The Bank later served

CAN with a default notice regarding the Notes. (Compl. ¶ 11.) Following CAN's default,

the Bank entered into a forbearance agreement ("the Forbearance Agreement") with Mr.

Rief and CAN on April 16, 2021.[1] (Compl. ¶ 12.) The Forbearance Agreement provides

that Mr. Rief and CAN release the Bank from "any and all claims" arising out of the Notes

or Forbearance Agreement and waive any "defense or offset to [Mr. Rief and CAN's]

---

[1] Maine Fresh, LLC, is not a party to the Notes or the Forbearance Agreement.

Page 1 of 4

REC'D CUMB CLERKS OFC
OCT 4 '21 PM1:42

liability" for their obligations under the Notes.[2] (Compl. Ex. E ¶ 11.) On June 2, 2021, the Bank served CAN and Mr. Rief with a default notice related to the Forbearance Agreement. (Compl. ¶ 13.)

In Count I of its Complaint, the Bank seeks judgment against CAN for the principals of the Notes, accrued interest, and fees. (Compl. ¶¶ 15-18.) In Count II, the Bank seeks judgment for the same against Mr. Rief as guarantor. (Compl. ¶¶ 19-22.) The Bank has moved for summary judgment on Counts I and II.

On September 27, 2021, the Court granted Defendants' Motion to Enlarge Deadline to Respond to Motion for Partial Summary Judgment. In Defendants' Revised Motion to Permit Discovery, Defendants request that the Court enter an order further enlarging their time to respond to the Banks' Motion for Partial Summary Judgment to allow Defendants to conduct discovery.

Specifically, Defendants seek discovery of correspondence between the Bank and Mr. Rief, the Bank's internal files related to the Notes, and testimony of representatives of the Bank. (Defs.' Revised Mot. Permit Disc. 3.) Defendants claim that this discovery will support their assertion that the Bank acted in bad faith by reneging on a promise to restructure CAN's repayment obligations and by failing to mitigate damages resulting from CAN's breach of the Notes and the Forbearance Agreement. (Defs.' Revised Mot. Permit Disc. 5.)

## II. Legal Standard

M.R. Civ. P. 56(f) provides that the court may order a continuance to permit discovery to be conducted if a party opposing a motion for summary judgment cannot,

---

[2] Defendants admit that CAN and Mr. Rief executed a forbearance agreement on April 16, 2021, and state that "the document speaks for itself" as to release and waiver. (Defs.' Answer ¶ 12.)

in the absence of discovery, "present by affidavit facts essential to justify the party's opposition." A Rule 56(f) motion should:

> (1) be made within a 'reasonable time' after the filing of a summary judgment motion; (2) place the trial court on notice that movant wants the court to delay action on the summary judgment motion; (3) demonstrate that movant has been diligent in conducting discovery, and show 'good cause' why the additional discovery was not previously practicable with reasonable diligence; (4) set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist, and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion; and (5) attest that the movant has personal knowledge of the recited grounds for the requested continuance.

*Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Tr.*, 2002 ME 178, ¶ 22, 814 A.2d 449 (quoting *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 n.4 (1st Cir. 1999)) (bracket and ellipsis omitted).

## III. Discussion

Defendants' Motion meets the first two enumerated criteria for a Rule 56(f) motion. To satisfy the fifth criterion, Defendants' Motion is accompanied by Mr. Rief's affidavit. With respect to the remaining criteria, Defendants assert that discovery has not yet been possible because of efforts spent on attempts to negotiate a resolution and the brief timeline of the case thus far. Defendants assert that the discovery sought is necessary and likely to be collected in a reasonable time because the Bank is in sole possession of records and information relating to the Bank's actions. Finally, Defendants assert that the facts discovered will demonstrate the Bank's bad-faith breach of a promise to restructure CAN's repayment obligations and its failure to mitigate damages.

However, Defendants do not claim that the discovery they seek will cast doubt on the validity of the release and waiver executed in the Forbearance Agreement.[3] Even if the facts to be discovered could support an affirmative defense of "unclean hands" or similar as Defendants argue, any such defense would be unavailing in light of a valid release and waiver. Defendants, therefore, have failed to demonstrate that the specific facts it seeks to discover have any potential to influence the disposition of the Bank's Motion for Partial Summary Judgment. Thus, Defendants' Motion does not meet the standards for a Rule 56(f) motion.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendants' Revised Motion to Permit Discovery. Defendants' deadline to respond to the Bank's Motion for Partial Summary Judgment is as provided in the Court's September 27, 2021 Order on Defendants' Expedited Motion to Enlarge Deadline to Respond to Motion for Partial Summary Judgment.

The entry is:

Defendants' Revised Motion to Permit Discovery is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _10/4/2021_

_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 10/04/2021

---

[3] To elaborate, Defendants do not claim to anticipate discovery of evidence of fraud, misrepresentation, or overreaching that induced Mr. Rief to execute the Forbearance Agreement. *See Le Clair v. Wells*, 395 A.2d 452 (Me. 1978) (valid release will extinguish cause of action, but release may be invalidated if the product of fraud, misrepresentation, or overreaching).