2011 ME 70

**CACH, LLC**

v.

**Nathaniel W. KULAS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2011.

Decided: June 23, 2011.

Nathaniel W. Kulas, Brunswick, ME, pro se.

Terese L. Fitzpatrick, Esq., Kimmel, Beach & Fitzpatrick, P.A., Kennebunk, ME, for Cach, LLC.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Nathaniel W. Kulas appeals from a summary judgment entered in the District Court (West Bath, *J.D. Kennedy, J.*) ordering him to pay Cach, LLC, as assign-

ee of Bank of America (the Bank), damages in the amount of $6042.80 for unpaid principal and interest on a credit card account. Because disputes remain as to material facts regarding the balance due on the account and its assignment to Cach, we vacate the summary judgment.

## I. BACKGROUND

[¶ 2] On March 4, 2009, Cach, alleging that it was the assignee of the Bank, filed a complaint against Kulas seeking principal and interest on an unpaid credit card balance. The complaint stated that as of February 2, 2009, Kulas owed $6042.80 on the account.

[¶ 3] In December 2009, Cach filed a motion for summary judgment. The motion was supported by a statement of material facts that, in turn, was supported by (1) an affidavit of an officer of the Bank, (2) responses by Kulas to requests for admissions served by Cach pursuant to M.R. Civ. P. 36, and (3) certain documents appended to Cach's complaint. A copy of the account contract was not included in the summary judgment record because, according to the Bank officer's affidavit, the contract "has been destroyed, or is no longer accessible."

[¶ 4] Among other facts, the summary judgment motion sought to establish that Cach owned an account registered to Kulas with an unpaid balance of $6042.80. In support of Cach's assertion that it owned Kulas's account, Cach referenced the Bank officer's affidavit, which states that on February 10, 2007, the Bank "sold, transferred and set over" the account to Cach, thus giving Cach the "authority to settle,

adjust, compromise and satisfy" the balance due. According to the affidavit, the Bank officer's knowledge of this information was "based on the computerized and hard copy books and records of [the Bank], which are maintained in the ordinary course of business, with entries in them having been made at or near the time of the transaction recorded." No further documentation was attached to this affidavit or referenced in support of Cach's statement of material fact addressing the issue of ownership.[1]

[¶ 5] With respect to the balance due on the account, Cach asserted in its statement of material facts that, "through the date of the Complaint," Kulas "owes to [Cach] the amount of $6,042.80." To support this assertion, Cach referred to three documents attached to its original complaint: (1) an affidavit of a Cach employee dated October 9, 2007, declaring her familiarity with Cach's business records; (2) a "Certificate of Assignment" prepared by Cach's employee stating that Cach purchased Kulas's account with a "past due balance showing of $3,360.16"; and (3) a document entitled "Debtor File Balance Report," apparently prepared by Cach's attorney, which reflects a $6042.80 balance on the account, inclusive of interest charges that, as of February 2, 2009, were "Presently Accumulating at $2.97 Per Day at 32.240% Per Year." Apart from the $6042.80 balance, Cach's statement of material facts lists the balances due on Kulas's account every month from September 2006 to January 2007, based solely on a credit report submitted by Kulas in a prior motion.[2] According to the credit report,

---

1. Included in the record, but not referenced in Cach's statement of material facts, is a "Bill of Sale" purportedly reflecting an assignment of Kulas's account from the Bank to Cach. The Bill of Sale does not identify Kulas's account specifically, but instead describes the assigned account as "certain Ac-

counts as defined in the Agreement and as set forth on Exhibit B." Neither "the Agreement" nor "Exhibit B" referred to in the Bill of Sale are included in the record.

2. In response to the Bank's requests for admissions, Kulas admitted that these balances

Kulas owed $2069 when the Bank "charged off" his account and owed $3360 as of January 2007.

[¶ 6] In response to Cach's motion, Kulas filed an "Objection to Summary Judgment" that failed to comply with the requirements of M.R. Civ. P. 56(h)(2). Kulas's filing included no statement of material facts in opposition to Cach's motion, but instead consisted of his arguments regarding why Cach's motion was inadequate.

[¶ 7] When the court denied the summary judgment motion, Cach filed a motion for reconsideration, arguing that Kulas's failure to properly respond to its statement of material facts required the court to deem those facts as admitted. Kulas responded by filing an objection with an accompanying statement of material facts that lacked references to supporting evidence. After reconsideration, the court granted Cach's summary judgment motion and later entered a final judgment against Kulas in the amount of $6042.80. In its summary judgment order, the court explained its view that, as currently construed, M.R. Civ. P. 56 "does not allow a trial judge any leeway to deny a motion for summary judgment when a procedurally imperfect responsive filing nonetheless presents credible information to the court that there is a contested material fact." Thus, although the court was "disinclined to do so," it granted Cach's motion for summary judgment. Kulas appealed.

## II. DISCUSSION

 [¶ 8] We review the grant of a summary judgment de novo, "viewing the summary judgment record in the light most favorable to the nonprevailing party to determine whether it demonstrates that there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law." *Flaherty v. Muther*, 2011 ME 32, ¶ 31, 17 A.3d 640, 651. When, as here, the plaintiff has moved for summary judgment, "the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *N. Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278, 1280. In the matter before us, we must decide whether the summary judgment record establishes, without dispute as to material fact, that Cach owns an account registered to Kulas with a balance due of $6042.80. We conclude that it does not.

 [¶ 9] As an initial matter, we pause to clarify a point of potential confusion regarding summary judgment practice. A moving party's factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported. *See* M.R. Civ. P. 56(h)(4) ("Facts contained in a supporting or opposing statement of material facts, *if supported by record citations as required by this rule*, shall be deemed admitted unless properly controverted." (emphasis added)). As we have explained, "[a] party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 5, 770 A.2d 653, 655. Thus, although Kulas's responsive filings were inadequate, this fact alone does not end the inquiry. As the moving party with the ultimate burden of proof, Cach bears the initial responsibility of demonstrating the ab-

---

were correct "according to the credit report." Kulas did not, however, answer whether the credit report constituted an accurate account-

ing of the balances due because he was "unaware of the accuracy of Bank of America's reporting."

sence of a genuine issue of material fact through a properly supported statement of material facts.

[¶ 10] To establish its ownership of Kulas's account, Cach asserted that it received an assignment of the account from the Bank. Cach's only support for this assertion—the Bank officer's affidavit—is inadequate. To be sure, the affidavit states that the Bank "sold, transferred and set over" the account to Cach to collect the balance due. To comply with Rule 56(e), however, it is not enough to merely rely on the affidavit: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit *shall be attached* thereto or served therewith." M.R. Civ. P. 56(e) (emphasis added). Here, the affiant's statements were "based on the computerized and hard copy books and records of" the Bank, but copies of these records were neither attached to the affidavit nor referenced in Cach's statement of material facts.[3] Without a sworn or certified copy of the assignment, the summary judgment record does not support Cach's assertion that it was the assignee of Kulas's account.

[¶ 11] Neither does Cach's referenced record evidence support its assertion that Kulas owed $6042.80 on the account. Because the original credit card agreement was destroyed, there is no record evidence of the terms, conditions, and interest rates associated with Kulas's account. To support the $6042.80 figure, Cach submitted the "Debtor File Balance Report." However, there is no supporting affidavit verifying this document's authenticity or establishing that it was prepared by a person with personal knowledge of Kulas's account. *See* M.R. Civ. P. 56(e); *see also Carmona v. Toledo*, 215 F.3d 124,

131 (1st Cir.2000) ("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." (quotation marks omitted)). Unaccompanied by an authenticating affidavit complying with Rule 56(e), the "Debtor File Balance Report" should not be considered for purposes of summary judgment.

[¶ 12] At the summary judgment stage, "strict adherence to the Rule's requirements is necessary to ensure that the process is both predictable and just." *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1, 3. Because Cach failed to properly establish each element of its claim without dispute as to material fact, we vacate the District Court's grant of summary judgment.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

**3.** Although a copy of the "Bill of Sale" is included elsewhere in the record, a court should "consider *only* the portions of the record referred to" in the Rule 56(h) statements and is "neither *required nor permitted* to inde-

pendently search a record to find support for facts offered by a party." *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1, 3 (emphasis added) (quotation marks omitted).