STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-036
#GK  -AND-  4/2/2012

AMERIFACTORS FINANCIAL
GROUP, LLC,

RECD AUBSC   4/2/12.

Plaintiff

ORDER

v.

JAY RODRIGUE, individually, and
JAY RODRIGUE doing business as
Appliance Parts, Appliance Parts, Inc.,
and/or Appliance Parts Co., Inc.,

Defendants

This matter is before the court on plaintiff's motion for summary judgment.

## BACKGROUND

Defendant Jay Rodrigue conducts an appliance business in Lewiston Maine.[1] (Opp. S.M.F. ¶ 1.) Defendant has ordered household appliances from Appliance Associates of Buffalo, Inc. ("AAB") since 2008. (S.M.F. ¶ 2.) In July 2009, Rodrigue received appliances from AAB. (S.M.F. ¶ 7, *as qualified by* Opp. S.M.F. ¶ 7.) It is uncontested that defendant kept the appliances.

The parties dispute the manner in which these appliances came into defendant's possession. Plaintiff asserts that they were ordered in July 2009 by Frank Combs of Grandia International, Inc., serving as a broker for defendant.[2] (S.M.F. ¶¶ 3-6.) Plaintiff asserts that Grandia sent an invoice to Rodrigue on July

---

[1] The parties dispute whether defendant conducts business as Appliance Parts, Appliance Parts, Inc., Appliance Parts Co., Inc., Jay's Small Engine and Appliance Service, or Appliance City, Inc. (Opp. S.M.F. ¶ 1.)
[2] Combs had allegedly placed two prior orders on behalf of defendant in early 2009. (S.M.F. ¶ 3.)

31, 2009, but this fact is not supported by a record citation to admissible evidence. (S.M.F. ¶ 9, *as qualified by* Opp. S.M.F. ¶ 9.)[3]

Defendant denies any relationship with Frank Combs and states that the appliances were not ordered on defendant's behalf. (Opp. S.M.F. ¶¶ 4-8.) Defendant does not explain how the appliances may have come into his possession, but acknowledges that he received the appliances. (Opp. S.M.F. ¶ 7.) According to defendant, he has been paying AAB directly for the appliances. (Opp. S.M.F. ¶ 7.)

Plaintiff Amerifactors Financial Group ("Amerifactors") is a financing company that purchases unpaid invoices from companies through a process known as "factoring." (S.M.F. ¶ 8.) According to plaintiff, Grandia assigned defendant's debt to Amerifactors on July 31, 2009 in a "factoring agreement." (S.M.F. ¶¶ 9-10.)

Prior to purchasing the debt, plaintiff alleges that it faxed Rodrigue a debt verification form, a verification letter, the Grandia invoice, and the original Bill of Lading between AAB and the carrier who delivered the appliances to defendant. (S.M.F. ¶ 14.) Defendant denies receiving these forms and records. (Opp. S.M.F. ¶ 14.) Plaintiff further alleges that these forms were signed by Rodrigue and returned to Amerifactors and that an hour later, an Amerifactors employee called Rodrigue, spoke with an individual who identified himself as Rogrigue, and asked him to refax the form with a cover sheet containing his address. (S.M.F. ¶¶ 15-18.) Plaintiff maintains that the fax was re-sent and received an hour after this

---

[3] The only supporting evidence for the fact that Grandia sent an invoice to Rodrigue is found in plaintiff's Exhibit E, the affidavit of Joyce Schultz, an employee of Amerifactors. The specific portion of the affidavit cited is "Exhibit A," which is a "verification check-list" form in which Schultz recorded alleged communications with Rodrigue on July 31, 2009. This form does not indicate that Grandia sent an invoice to Rodrigue, and even if it did, it is unclear whether the testimony of an employee of Amerifactors would provide sufficient foundation for the admissibility of Grandia's business records. M.R. Evid. 803(6). Furthermore, the statement of material facts assumes that Grandia paid AAB for the appliances, and was therefore entitled to bill Rodrigue; however, there is no indication that Grandia paid AAB. An AAB employee testified that in prior transactions, Combs or his company had paid AAB for appliances sent to Rodrigue, but this is not specific to the July transaction. (*See* S.M.F. ¶ 5.)

2

phone all. (S.M.F. ¶ 19.) Defendant denies all of these allegations. (Opp. S.M.F. ¶¶ 15-19.)

Plaintiff seeks to recover for breach of contract (Count I), unjust enrichment (Count II), and quantum meruit (Count III). Plaintiff has moved for summary judgment on the breach of contract claim only. (Pl.'s M. Summ. J. 1.)

Plaintiff's position is that there was a valid contract between Grandia and defendant because Rodrgiue accepted the goods, verified the amount owed to Grandia, and acknowledged that he would pay that amount to Amerifactors. According to plaintiff, this contract was then assigned to Amerifactors and defendant is in breach of that contract because he has failed to pay. Defendant's position is that material questions of fact remain, particularly regarding his alleged agreement with Grandia.[4]

## SUMMARY JUDGMENT

### I.    Standard of Review:

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the non-moving party. The court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *See e.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702. When, as here, the plaintiff has moved for summary judgment, "the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015. A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be

---

[4] Defendant also argues that even if plaintiff could prove that Rodrigue had a valid contract with Grandia, all of his transactions were undertaken as a representative of an incorporated business entity, and thus plaintiff has failed to demonstrate that it may hold him individually liable for the debt. The parties represented at oral argument that none of the entities in question are currently registered corporations, and therefore plaintiff need not "pierce the corporate veil" in order to hold defendant personally liable.

3

granted, regardless of the adequacy of the nonmoving party's response. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 5, 770 A.2d 653.

II.     Breach of Contract

Plaintiff asserts that there was an original, valid contract between defendant and Grandia International, Inc. for the sale of appliances, which was subsequently assigned from Grandia to plaintiff. (Pl.'s M. Summ. J. 4.) In support of this assertion, plaintiff offers that 1) defendant accepted delivery of the appliances, 2) defendant received an invoice from Grandia, 3) defendant acknowledged the debt in Amerifactors' verification form, and 4) Grandia signed a factoring agreement with Amerifactors that assigned the contract to plaintiff.

Though the defendant agrees that he received and kept the appliances, questions of material fact persist regarding any agreement between Rodrigue and Grandia. As a general matter, there is a dispute regarding whether Rodrigue had any relationship with Grandia or Frank Combs. (*See* S. Add'l M.F. ¶ 7; S.M.F. 3.) More specifically, there is no evidence in the summary judgment record that Rodrigue received an invoice from Grandia. Even if a relationship existed between Rodrigue and Grandia, there is no information provided on the parties' specific obligations and rights under the alleged brokerage agreement.

Even assuming that a contract existed between Grandia and Rodrigue, there is not sufficient evidence to support a finding that the contract was assigned to plaintiff. Plaintiff alleges that the contract was assigned through a factoring agreement executed on July 31, 2009. (S.M.F. ¶ 10.) The only support for this assertion is a record citation to the deposition of Amerifactors' CEO and the affidavit of its agent. (S.M.F. ¶ 10.) However, "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M. R. Civ. P. 56(e). No copy of the factoring agreement has been provided. Without a sworn or certified copy of the assignment, the summary judgment record does not support plaintiff's assertion that it was an assignee of Grandia's contract. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10, 21 A.3d 1015.

Based on the foregoing, and pursuant to M.R. Civ. P. Rule 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

4

Plaintiff's Motion for Summary Judgment is DENIED.

Dated: 4/2/12

_____
MaryGay Kennedy,
Justice Superior Court

Attorney for: AMERIFACTORS FINANCIAL GROUP LLC
DAVID SILK  - RETAINED
CURTIS THAXTER LLC
ONE CANAL PLAZA SUITE 1000
PO BOX 7320
PORTLAND ME 04112-7320


Attorney for: AMERIFACTORS FINANCIAL GROUP LLC
SUSAN E SCHORR  - WITHDRAWN
CURTIS THAXTER LLC
ONE CANAL PLAZA SUITE 1000
PO BOX 7320
PORTLAND ME 04112-7320


Attorney for: AMERIFACTORS FINANCIAL GROUP LLC
CHRISTIAN CHANDLER  - RETAINED
CURTIS THAXTER LLC
ONE CANAL PLAZA SUITE 1000
PO BOX 7320
PORTLAND ME 04112-7320



vs
JAY RODRIGUE DBA APPLIANCE PARTS  - DEFENDANT
70 HOLLAND STREET
LEWISTON ME 04240
Attorney for: JAY RODRIGUE DBA APPLIANCE PARTS
SONIA J BUCK  - LIMITED 02/03/2012
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190


GRANDIA INTERNATIONAL CORP - THIRD PARTY DEFENDANT

| | |
|---|---|
| Filing Document: COMPLAINT | Minor Case Type: CONTRACT |
| Filing Date: 02/18/2010 | |

## Docket Events:

02/18/2010 FILING DOCUMENT - COMPLAINT FILED ON 02/18/2010

02/18/2010 Party(s):  AMERIFACTORS FINANCIAL GROUP LLC
        ATTORNEY - RETAINED ENTERED ON 02/18/2010
        Plaintiff's Attorney: DAVID SILK

02/19/2010 Party(s):  AMERIFACTORS FINANCIAL GROUP LLC
        ATTORNEY - RETAINED ENTERED ON 02/18/2010
        Plaintiff's Attorney: SUSAN E SCHORR

02/19/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/18/2010

03/12/2010 Party(s):  JAY RODRIGUE DBA APPLIANCE PARTS
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 03/11/2010