STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-493

*P f̄ C - C / / - 7/3 / , 0 1 3*

SARAH D'ANTO,
    Plaintiff

STATE OF MAINE
C......    ffice

RECEIVED

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

v.

GREGORY A. GOLLIDAY and
CRANE CHIROPRACTIC CENTER, PA,
    Defendants

Pending is Plaintiff Sarah D'Anto's motion for summary judgment with respect to her complaint to collect a debt owed to her by Defendants Gregory Golliday and Crane Chiropractic Center, PA.

BACKGROUND

On June 1, 2007, Defendants jointly executed a promissory note agreeing to repay a loan from Plaintiff in the amount of $177,500.00 with interest of 7% per annum at the rate of $1,490.40 a month over a seventeen-year term.[1] On December 5, 2008, certain terms in the note were modified. Pursuant to the note modification, Defendants would pay $750.00 each month from November through April 2009, and pay $1,573.00 each month starting in May 2009.

---

[1] Defendant Crane's obligations under the note were secured by a security agreement, executed August 28, 2007, which granted Plaintiff a security interest in Crane's inventory, equipment, accounts receivables, etc. Defendant Golliday's obligations under the note were secured by a stock pledge, executed August 28, 2007, which granted Plaintiff a security interest in Mr. Golliday's shares of Crane.

1

Both the note and note modification provided that a default occurs in the event of "any delinquency in payment . . . which delinquency continues for more than five (5) days following receipt by [Defendants] of written notice thereof." The notes also provided that the interest rate on any unpaid principal would increase to 10% per annum.

Defendants failed to remit the full payments due in May and June 2009. On July 7, 2009, Plaintiff's attorney sent Defendants a notice of default and advised them that the entire balance would be due and payable if they did not cure the default by July 15. Defendants made partial payments in July and August 2009, but failed to cure the default and the entire amount became due and payable. In September 2009, Plaintiff D'Anto initiated a complaint against Defendant Golliday individually and Defendant Crane Chiropractic Center, PA, to recover the amounts owed.

On or about December 3, 2009, Defendant Golliday filed a Chapter 13 bankruptcy petition, which resulted in a stay of this case. Plaintiff retained attorney Joshua Dow to prosecute her claim in bankruptcy court. On January 30, 2013, Mr. Golliday's bankruptcy petition was dismissed because he did not make payments as required by his Chapter 13 plan.

After application of certain expenses and credits, Plaintiff asserts a balance due of **$254,094.87** as of March 8, 2013. This includes a principal balance of $174,988.80, interest of $74,182.81, late fees of $2,548.26, and rental fees of $2,375.00. She also requests per diem interest from March 8, 2013, through the date of judgment. Additionally, Plaintiff claims attorney's fees/costs for Attorney Dow in the amount of $20,520.50, and for her current attorney, Jennifer Thomas, in the amount of $2,790.42.

DISCUSSION

The Court reviews the parties' statements of material fact and record evidence in the light most favorable to the non-moving party, and grants summary judgment if it appears that there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. Relevant here, where Defendants are pro se and did not properly oppose the motion: "A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015. *See also* M.R. Civ. P. 56(h)(4).

Here, the record establishes that there was a binding contract, and that Defendants breached the contract. Defendant Golliday conceded these points in written and oral argument. The real issue is whether Plaintiff's statement of material facts and the record evidence independently support the amounts she alleges to be due. Plaintiff's computation of damages rests primarily on "Exhibit J," which Plaintiff generated and which reflects her own calculations of interest, costs, and credits for payment received. Plaintiff's claim for attorney's fees rests on the affidavits of Attorneys Dow and Thomas.

The Court alters the amounts owed as follows. In terms of interest, Plaintiff does not explain how she arrived at the interest charge of $34.0256 per day before the breach (7%, according to the agreement), and $48.608 per day after the breach (10%). These amounts were presumably calculated based on the principal amount of $174,988.80, which did not change. From this, the Court calculates slightly lower interest charges of $33.5593 per day at 7%, and $47.9419 per day at 10%. After crediting Defendant with

3

payments made, this amounts to $72,955.41 in interest, rather than the $74,182.81 reflected on Exhibit J.

Accordingly, the Court grants per diem interest at the rate of $47.9419 per day from March 9 through the date of this order.

In terms of the monthly rental costs, the Court can find no reason to assess these to Defendant. Plaintiff asserts in her statement of material facts that items still in her possession have "no value." Thus, it is unclear why she bothers to store them at all and Defendant should not be responsible for that cost.

As to attorney's fees, the Court awards some but not all of the fees requested. Attorney Dow states in his affidavit that Plaintiff incurred $20,520.50 in legal fees (plus $25.00 in costs) in defending Plaintiff's claim throughout Defendant's bankruptcy proceedings. The affidavit states that he and an associate charged between $175.00-$235.00 per hour, but there is no indication of how many hours they worked and there are no firm records attached to the affidavit. Given the enormity of the bill and the lack of detail in support of the fees, the Court awards $3,000 towards Attorney Dow's bill. Attorney Thomas states in her affidavit that fees and costs in this matter total $2,790.42. She attests that she billed 12.40 hours at a rate of $160.00 per hour, which amounts to $1,984.00, and that costs totaled $503.21. This amounts to $2,487.21, and there is no explanation for the additional amount requested.

Therefore, the Court awards judgment in favor of the Plaintiff in the following amounts:

- Principal balance: $174,988.80

- Interest: $72,955.41

4

- Late fees: $2,548.26

- Attorney Dow fees/costs: $3,000.00

- Attorney Thomas fees/costs: $2,487.21

- Total: **$255,979.68**, plus interest at the rate of $47.9419 per day from March 9 through the date of this order = _6,951.58_.

The Court notes for the Defendant's benefit that the "disclosure hearing" he seeks will take place if Plaintiff proceeds to enforce her money judgment pursuant to Title 14, Chapter 502. If he is subpoenaed to appear, the District Court will take evidence in order to determine his ability to satisfy the judgment and the best and most practicable way for him to do so.

The entry will be:

The Court GRANTS Plaintiff's motion for summary judgment, but alters the amount of the judgment as described herein.

_July 31, 2013_
DATE

_____
SUPERIOR COURT JUSTICE

5

RK OF COURTS
nberland County
Jry Street, Ground Floor
tland, ME 04101

Gregory Golliday
Crane Chiropractic Ctr. PA pro se def.
III Ossipee Trail
East No. 1146
Standish Me 04084

IK OF COURTS
berland County
y Street, Ground Floor
and, ME 04101

Jennifer Thomas Esq    pl.
PO Box 7044
Portland Me 04112