STATE OF MAINE
ANDROSCOGGIN, ss.

STEVEN M. NARBONNE,

        Plaintiff

v.

CHAD AVARD PEARL, et al.,

        Defendants.

SUPERIOR COURT
CIVIL ACTION
RECEIVED & FILEDOCKET NO. CV-16-042

OCT 1 8 2017

ANDROSCOGGIN
SUPERIOR COURT
)     ORDER ON PLAINTIFF'S MOTION
)     FOR SUMMARY JUDGMENT
)
)
)
)

Before the Court is Plaintiff Steven M. Narbonne's ("Narbonne") motion for partial summary judgment against Defendant Phillip Steven Audet ("Audet"). Narbonne contends he is entitled to judgment against Audet on the issue of liability. Audet has not responded to this motion or otherwise appeared in this case.

I. Background

On April 4, 2016, Narbonne filed a complaint naming Audet as one of six defendants in this case. (Pl.'s Compl. Caption.) Audet was served on April 11, 2016 but has not made an appearance. Count III of Narbonne's Complaint alleges that on July 5 and July 6, 2014, Audet "recklessly, knowingly and/or intentionally caused bodily injury to Plaintiff...." (Id. ¶ 28.) Audet was indicted on a Class B felony charge of aggravated assault for "[o]n or about July 6, 2014... intentionally, knowingly or recklessly caus[ing] serious bodily injury to" Narbonne, and he was convicted of this charge on September 4, 2015. (Pl.'s S.M.F. ¶¶ 1-2.)

II. Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case.

A genuine issue of material fact exists when the factfinder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

When a plaintiff moves for summary judgment on its claims, the plaintiff has the burden of establishing each element of its claims without dispute as to any material fact in the record. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015. If the plaintiff's motion for summary judgment is properly supported, the burden shifts to the defendant to respond with specific facts indicating a genuine issue for trial. M.R. Civ. P. 56(e). If an opposing party fails to properly respond, the moving party's factual assertions will not be deemed admitted merely because of the opposing party's failure to respond. *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015. The moving party must still properly support each factual assertion with citation to the record. M.R. Civ. P. 56(h)(4); *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015. Therefore, the moving party still has the burden of establishing the absence of a genuine issue of material fact. *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015.

III. Discussion

Narbonne argues that Audet is collaterally estopped from denying liability in this civil action based on his criminal conviction for aggravated assault. Under the collateral estoppel doctrine, "when issues are actually litigated and finally adjudicated in a criminal proceeding, the conviction conclusively establishes all facts essential to the final judgment of conviction and is preclusive in favor of a third party in a subsequent civil action against the defendant in the criminal case." *Butler v. Mooers*, 2001 ME 56, ¶ 8, 771 A.2d 1034 (internal citation and quotation marks omitted). Audet was convicted of committing a crime against Narbonne that contains essentially the same elements as Narbonne's claim against Audet in Count III of Narbonne's complaint. The Court agrees

with Narbonne that, based on his criminal conviction for aggravated assault, Audet is collaterally estopped from denying liability on Count III in this case. Because Audet is estopped from contesting this matter, there is no genuine issue of material fact in dispute as to Audet's liability on Count III, and Narbonne is entitled to judgment on this issue as a matter of law.

IV. Conclusion

For the foregoing reasons, Plaintiff Steven M. Narbonne's motion for partial summary judgment as to Defendant Phillip Steven Audet's liability on Count III of Plaintiff's complaint is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____10/18/17_____

_____
MaryGay Kennedy, Justice
Maine Superior Court

STEVEN M NARBONNE   - PLAINTIFF

Attorney for: STEVEN M NARBONNE
JENNIFER FERGUSON   - RETAINED
FALES & FALES PA
192 LISBON STREET
PO BOX 889
LEWISTON ME 04243-0889

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2016-00042


**DOCKET RECORD**

vs
CHAD AVARD PEARL JUDGMENT   - DEFENDANT

Attorney for: CHAD AVARD PEARL JUDGMENT
JEFFREY P WHITE   - RETAINED 05/31/2016
LAW OFFICE OF JEFFREY P WHITE
243 MOUNT AUBURN AVE, S-B-1
AUBURN ME 04210

ROXANNE M PEARL JUDGMENT   - DEFENDANT

Attorney for: ROXANNE M PEARL JUDGMENT
JEFFREY P WHITE   - RETAINED 05/31/2016
LAW OFFICE OF JEFFREY P WHITE
243 MOUNT AUBURN AVE, S-B-1
AUBURN ME 04210

HILDA BRACKETT   - DEFENDANT
575 WHITE OAK HILL ROAD
POLAND ME 04274
Attorney for: HILDA BRACKETT
EDWARD DILWORTH   - RETAINED 07/18/2016
DOWS LAW OFFICE PA
PO BOX 349
NORWAY ME 04268

JENNIFER SCRIBNER DISMISSED   - DEFENDANT
143 OLD COUNTY ROAD
OXFORD ME 04270
DANNYEL POULIN DISMISSED   - DEFENDANT
28 MOREY AVE
MECHANIC FALLS ME 04256
PHILLIP STEVEN AUDET   - DEFENDANT
807 CUSHING ROAD
WARREN ME 04864

Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 04/04/2016

## Docket Events:

04/05/2016 FILING DOCUMENT - COMPLAINT FILED ON 04/04/2016

04/05/2016 Party(s):  STEVEN M NARBONNE
              ATTORNEY - RETAINED ENTERED ON 04/04/2016
              Plaintiff's Attorney: JENNIFER FERGUSON