STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-187

REC'D CUMB CLERKS OF
DEC 21 '17 PM2:39

NORTHERN NEW ENGLAND
TELEPHONE OPERATIONS LLC
d/b/a FAIRPOINT
COMMUNICATIONS-NNE,

        Plaintiff

v.

JF2 LLC d/b/a ON TARGET
UTILITY SERVICES LLC, et al.,

        Defendants

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

Before the court is the motion for summary judgment filed by defendant JF2 LLC d/b/a On Target Utility Services, LLC (On Target). No opposition has been filed by cross-claim plaintiffs Bangor Gas Company LLC (Bangor Gas) and Infrasource Construction LLC (Infrasource). Plaintiff Northern New England Telephone LLC d/b/a Fairpoint Communications-NNE (Fairpoint) has filed an opposition opposing only the request for summary judgment on count two (breach of contract) of plaintiff's complaint. For the following reasons, On Target's motion is granted.

UNDISPUTED FACTS

Defendant On Target is in the business of marking the location of underground utilities to assist excavators. (Pl.'s Supp.'g S.M.F. ¶ 2.) In August 2010, On Target contracted with Fairpoint to provide underground utility marking services for the dates relevant to this lawsuit. Id. ¶ 3. The contract contains an indemnification clause obligating On Target to indemnify Fairpoint for losses

1

resulting from On Target's "performance or nonperformance of the work under [the] Agreement that is alleged to be directly or indirectly caused . . . by any act, omission, default or negligence of [On Target]." Id. ¶ 5.

On September 19, 2011, defendant Infrasource damaged one of Fairpoint's underground telephone cables while operating an excavator. Id. ¶ 6. On October 28, 2011, defendant Bangor Gas Company damaged another of Fairpoint's underground telephone cables. Id. ¶ 7. Prior to these incidents, On Target had marked the locations of the damaged cables. Id. ¶¶ 8, 15. Videotapes of the markings taken prior to the excavations show that the roadways where the two cables were located had been properly marked. Id. ¶¶ 8, 9, 15. Reports generated after the incidents provide that the excavators were at fault for the damages. Id. ¶¶ 10, 11, 16, 17. Reports by plaintiff's investigator provide that the excavators caused the damage and do not reference that On Target was negligent or played any role in causing the damage. Id. ¶¶ 10, 16. Both defendants Infrasource and Bangor Gas Company were fined by the Public Utilities Commission with regard to the two incidents. Id. ¶¶ 12, 18.

PROCEDURAL HISTORY

On May 5, 2017, Fairpoint filed a complaint against On Target, Bangor Gas Company, and Infrasource. In the complaint, plaintiff alleges two causes of action against On Target: count I, breach of contract; and count II, negligence. On May 30, 2017, On Target filed a crossclaim for contribution and indemnity against defendants Bangor Gas Company and Infrasource. On June 8, 2017, Bangor Gas Company filed a cross-claim for contribution and indemnity against defendants On Target and Infrasource.

On August 30, 2017, defendant On Target filed a motion for summary judgment and requested judgment in its favor on plaintiff's complaint and Bangor Gas Company's cross-claim.

2

On October 12, 2017, this court granted summary judgment in favor of On Target and against plaintiff on plaintiff's complaint and in favor of On Target on Bangor Gas Company's cross-claim. In the motion, On Target did not request judgment on its cross-claims against Bangor Gas Company and Infrasource.

On October 18, 2017, plaintiff filed a memorandum in opposition. On October 27, 2017, defendant On Target filed a reply. On October 24, 2017, plaintiff filed a motion to alter or amend the summary judgment order. On October 30, 2017; this court vacated the prior order granting summary judgment to On Target; accepted plaintiff's opposition as filed; and extended the deadline for defendant On Target to file a reply. Neither defendant Bangor Gas Company nor defendant Infrasource filed a memorandum in opposition to defendant On Target's motion for summary judgment.

STANDARD OF REVIEW

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "A party seeking to avoid summary judgment must adduce prima facie evidence as to each element of a claim or defense that the party asserts." Savell v. Duddy, 2016 ME 139, ¶ 18, 147 A.3d 1179. "[A] court should consider only the portions of the record referred to in the Rule 56(h) statements and is neither required nor permitted to independently search a record to find support for facts offered by a party." Cach, LLC v. Kulas, 2011 ME 70, ¶ 10 n.3, 21 A.3d 1015 (quotation marks omitted). "Strict adherence" to the requirements of summary judgment is necessary. Id. ¶ 12 (quoting Deutsche Bank Nat'l Trust Co. v. Raggiani, 2009 ME 120, ¶ 7, 985 A.2d 1).

3

## DISCUSSION

### 1. Bangor Gas and Infrasource.

Neither Bangor Gas nor Infrasource filed an opposition to On Target's motion. The pleadings show that there is no genuine issue of material fact and that On Target is entitled to judgment on Bangor Gas Company's cross-claim against On Target. M.R. Civ. P. 56(c) & (h)(4).

### 2. Fairpoint

Plaintiff does not contest On Target's request for summary judgment on plaintiff's negligence claim. Plaintiff instead argues that summary judgment may not be entered on its breach of contract claim because the preconditions triggering the service agreement's indemnification provision have been met.

In order to obtain relief for breach of a contractual indemnification clause, plaintiff must prove (1) a legally binding contract exists obligating On Target to indemnify plaintiff; (2) On Target is in breach of this contractual duty to indemnify; and (3) this breach caused plaintiff to incur damages. See Lalonde v. Cent. Me. Med. Ctr., 2017 ME 22, ¶ 14, 155 A.3d 426. Pursuant to the Service Agreement,

> [On Target] shall indemnify . . . Fairpoint . . . against and from any and all claims, losses and costs . . . arising out of or resulting from, or in connection with (i) the performance or nonperformance of the work under this Agreement that is alleged to be directly or indirectly caused . . . by any act, omission, default or negligence of [On Target] . . . .

(Pl.'s Supp'g S.M.F. 5.) (emphasis added).

Plaintiff argues that defendant On Target's duty to indemnify has been triggered because co-defendant Bangor Gas Company has alleged, and co-defendant Infrasource has reserved the right to allege, that the damage to Fairpoint was caused by On Target's conduct. Accordingly,

4

plaintiff argues, those defendants will have "the right to argue" at trial that On Target caused the damage.

Judgment was previously entered in favor of On Target on Bangor Gas Company's cross-claim. That order was vacated but the same order will be entered again. The time within which Infrasource could amend its pleadings expired in October. Based on this record, neither defendant has "the right to argue" at trial that On Target caused the damage.

CONCLUSION

Plaintiff and defendant Bangor Gas Company have failed to raise a genuine issue of material fact with regard to any potential for On Target to be required to indemnify or contribute to plaintiff or defendant Bangor Gas Company. On Target's motion for summary judgment is granted. See Savell, 2016 ME 139, ¶ 18, 147 A.3d 1179.

The entry is

> Defendant JF2 LLC d/b/a On Target Utility Services LLC s Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant JF2 LLC d/b/a On Target Utility Services LLC and against Plaintiff Northern New England Telephone Operations LLC d/b/a Fairpoint Communications-NNE on Plaintiff's Complaint.
>
> Judgment is entered in favor of Cross-Claim Defendant JF2 LLC d/b/a On Target Utility Services LLC and against Cross-Claim Plaintiff Bangor Gas Company, LLC on its Cross-Claim.
>
> Within twenty days of the date of this Order, Cross-Claim Plaintiff JF2 LLC d/b/a On Target Utility Services LLC will inform the Court whether it intends to pursue its Cross-Claims against Cross-Claim Defendants Bangor Gas Company, LLC and Infrasource Construction, LLC.

Date: December 21, 2017

Nancy Mills
Justice, Superior Court

5