STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 03 2018
12:07 pm.
RECEIVED

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-98

GLADSTONE O. LEWIS,                )
                                   )
            Plaintiff              )
                                   )        ORDER ON DEFENDANT'S
     v.                            )        MOTION FOR PARTIAL
                                   )        SUMMARY JUDGMENT
GOODWILL INDUSTRIES OF             )
NORTHERN NEW ENGLAND,              )
                                   )
            Defendant.             )

Before the Court is Defendant Goodwill Industries of Northern New England's ("Goodwill") motion for partial summary judgment. Plaintiff Gladstone Lewis ("Lewis") has opposed this motion. The Court has considered the parties' filings, and for the following reasons, the motion is granted in part and denied in part.

I. Background

The following facts, which are material to the present motion, are drawn from Goodwill's Statement of Material Facts and are undisputed by Lewis. Lewis was hired by Goodwill in 2002 as a primary advocate, or, as his position was titled at the time of his termination, a direct support professional. (Def's. S.M.F. ¶ 1.) In that position, he was responsible for providing support to adult residents in Goodwill's residential program, primarily through aiding residents with activities of daily living. (*Id.* ¶ 2.) Lewis was placed on administrative leave beginning February 28, 2016, pending completion of an investigation into allegations that Lewis had engaged in client abuse. (*Id.* ¶ 4.) Following the investigation, Lewis's employment was terminated effective March 3, 2016. (*Id.* ¶ 5.)

Since at least 2007, Lewis has also been a shared living provider for Residential Resources Inc. (*Id.* ¶ 10.) In this role, Lewis hosts an adult client in his home and provides meals,

**Plaintiff-Guy Loranger, Esq.
Defendant-Frederick Finberg, Esq.**

transportation, and other support. (*Id.*) In exchange for providing this service, Lewis receives an annual stipend of $27,000 and approximately $600 per month for room and board. (*Id.*) Since his departure from Goodwill, Lewis has obtained employment as a commissary representative, distributing commissary to prisoners for approximately five hours per week. (*Id.* ¶¶ 13-14.)

On February 27, 2017, Lewis filed a complaint in this Court against Goodwill for racial discrimination and retaliation. Goodwill filed the present motion on May 9, 2018. Goodwill's primary purpose in bringing this motion is to request Lewis be precluded from pursuing a claim for front pay and back pay due to his alleged failure to mitigate his damages. Goodwill also requests Lewis's jury demand be stricken because Lewis did not pay the jury deposit fee.

II. Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material facts and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the factfinder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

When, as here, the party with the burden moves for summary judgment, the movant has the burden of establishing each element of its claim without dispute as to any material fact in the record. *See Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015. If the motion for summary judgment is properly supported, the burden shifts to the non-movant to respond with specific facts indicating a genuine issue for trial. *See* M.R. Civ. P. 56(e). If the non-movant fails to properly

respond, the movant's factual assertions will not be deemed admitted merely because of the non-movant's failure to respond. *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015. The movant must still properly support each factual assertion with citation to the record and therefore still has the burden of establishing the absence of a genuine issue of material fact. M.R. Civ. P. 56(h)(4); *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015.

III. Discussion

Goodwill brings this motion under the theory that Lewis has failed to properly mitigate his damages, contending that Lewis has willfully removed himself from the job market in the field of direct support services during the pendency of this litigation and has not made a reasonable effort to find employment in any other field. (Def.'s Mot. Summ. J. 2.) Consequently, Goodwill moves this Court to grant partial summary judgment against Lewis by finding Lewis is precluded from pursuing damages of back pay or front pay. (*Id.*) Lewis's position is that he has diligently applied for employment, but that a number of factors have affected his employability, including his age, his time constraints due to his position as a shared living provider, and the fact that he was terminated from Goodwill following allegations of abuse. (Pl.'s Opp'n to Mot. Summ. J. 3.)

In an employment discrimination case, front and back pay are subject to reduction by the amount of "actual earnings on another job during the pertinent period or by whatever amount the victim could with reasonable diligence have earned during that time." *Me. Human Rights Comm'n v. Dep't of Corrs.*, 474 A.2d 860, 869 (Me. 1984) (internal quotations and alterations omitted). In requesting that Lewis be precluded from pursuing front and back pay as damages, Goodwill essentially characterizes this issue as an all-or-nothing analysis. (*See* Def.'s Mot. Summ. J. 2.) However, a mitigation of damages analysis occurs on a continuum and requires consideration of not only whether or not a plaintiff attempted to mitigate their damages, but the extent to which

they made such an effort. Furthermore, if the plaintiff did fail to some extent to mitigate their damages, it is the defendant's burden "to prove facts to enable the court to determine the appropriate deduction." *Me. Human Rights Comm'n*, 474 A.2d at 869. As the Law Court has repeatedly recognized,

> defendant's burden of proving lack of diligence is not satisfied merely by a showing that there were further actions that plaintiff could have taken in pursuit of employment. Rather, defendant must show that the course of conduct plaintiff actually followed was so deficient as to constitute an unreasonable failure to seek employment. The range of reasonable conduct is broad and the injured plaintiff must be given the benefit of every doubt in assessing her conduct.

*Id.* (quoting *EEOC v. Kallir, Philips, Ross, Inc.*, 420 F. Supp. 919 (S.D.N.Y. 1976)).

The Court agrees with Goodwill that much of the evidence Lewis submitted with his opposition to this motion cannot be considered because it was not disclosed during the discovery period, despite Goodwill's request for the production of responsive documents. However, Goodwill has the burden to prove lack of diligence and the amount by which Lewis's recovery of front and back pay should be reduced. Accordingly, Goodwill has designated Sue Howard, M.Ed., as a vocational rehabilitation expert who is expected to testify that Lewis's job search efforts have been unreasonable. (*See* Def.'s Ex. H 10.) However, Lewis disputes Ms. Howard's conclusions (Pl.'s Opp'n to Def.'s S.M.F. ¶ 33) and should have the opportunity to cross-examine her on the basis of her opinion.

Goodwill also points to portions of Lewis's deposition testimony where he appears to admit that he has not applied for work in the field of direct support services because he does not want to explain to a potential employer that he was terminated for medicinal errors and client abuse. (Lewis Depo. 111:8-22.) Goodwill finds support for its position that this fact precludes Lewis from recovery of front and back pay in *Walsh v. Town of Millinocket*, wherein the Law Court upheld the trial court's reduction of a back pay award and denial of front pay because the plaintiff "'unduly

limited the scope of her [job] search'" when she did not apply for positions similar to her prior job an hour away from her home. 2011 ME 99, ¶¶ 33-35, 28 A.3d 610. The *Walsh* Court contrasted that decision with the award of back pay in *Me. Human Rights Comm'n*, wherein the trial court, as affirmed by the Law Court, found it would have been unreasonable to expect the plaintiff to commute or move two-and-a-half hours from her home to accept employment. *Id.* ¶ 35; *see Me. Human Rights Comm'n*, 474 A.2d at 869.

Both *Walsh* and *Me. Human Rights Comm'n* were decided principally based on the geographic scope of the plaintiff's job search. Here, Goodwill argues that the scope of Lewis's job search was unduly limited because he chose not to pursue employment in the same professional field. Even if Lewis did unreasonably limit his job search in that manner (an issue which Lewis disputes), there is some evidence that Lewis compensated by expanding the scope of his job search to seek employment in other fields such as transportation and computer networking. (Lewis Depo. 113:19-114:3; 117:6-24). Further, because both parties acknowledge that Lewis has attained some employment since his termination from Goodwill, it is apparent that he has not wholly failed to mitigate his damages.[1] *See, e.g., Me. Human Rights Comm'n*, 474 A.2d at 869 (evidence that plaintiff worked other jobs following discriminatory rejection by defendant was contrary to finding that she was not reasonably diligent in seeking other employment). Beyond that, even if Lewis's claims for front and back pay should be reduced to some extent, Goodwill has not adduced sufficient evidence to enable the Court to determine an appropriate deduction.

---

[1] Although Goodwill attempts to minimize Lewis's mitigation efforts by noting he only works five hours per week as a commissary representative (Def's. S.M.F. ¶ 13), Lewis testified at his deposition that this position pays $25.00 per hour and that he sometimes works as many as eight to ten hours per week. (Lewis Depo. 110:19-111:5; 119:5-6.) While it is clear this job has not fully replaced the income he was earning at Goodwill, given that his pay rate at Goodwill was only $15.64 per hour (Def's. S.M.F. ¶ 30), his pay from the commissary position is not negligible by comparison.

Lewis's deposition testimony regarding his job search efforts, Plaintiff's Exhibit 3 attached to his opposition – which was produced in discovery[2] – and the mere fact that Lewis did attain some employment following his termination from Goodwill, are sufficient evidence of an existing material fact question regarding mitigation of damages. *See* M.R. Civ. P. 56(e). Based on the current record, a reasonable factfinder could find that Lewis has not made a reasonable effort to mitigate his damages; however, a reasonable factfinder could also find the opposite. When considering the extent to which Lewis has attempted to mitigate his damages in order to determine an appropriate deduction, if any, there are many points along the continuum at which a reasonable factfinder could land given the evidence on both sides. Viewing the evidence in the light most favorable to Lewis as the non-moving party, it is apparent that Goodwill has not conclusively established the unreasonableness of Lewis's job search efforts or the extent to which Lewis has mitigated or attempted to mitigate his damages. Resolution of these issues will require credibility determinations and weighing of evidence. Thus, whether Lewis's entitlement to front or back pay should be reduced for failure to mitigate damages, and the amount of such reduction, if any, remain genuine issues of material fact, and summary judgment is not appropriate at this time. *See Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821.

Goodwill has also requested the Court strike Lewis's jury demand because Lewis did not pay the jury deposit fee. Lewis does not dispute this contention and has conceded that he does not intend to pursue his request for a jury trial. This portion of Goodwill's motion is therefore granted.

IV. Conclusion

For the foregoing reasons, Defendant Goodwill's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part. Plaintiff Lewis's jury demand is hereby stricken. In all

---

[2] The Court recognizes that Exhibit 3 is minimally probative of Lewis's job search efforts. However, taken together with his deposition testimony, it is sufficient to show there is a triable issue.

other respects, Defendant Goodwill's motion is denied. The Clerk is directed to incorporate this

Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 7/2/18

Lance E. Walker, Justice
Maine Superior Court