STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-17-244

JEANNE F. GOLDING,

    Plaintiff

v.

MATTHEW L. CHIPMAN, as
Parent and Next Friend of
SAMUEL B. CHIPMAN,
and MATTHEW J. CHIPMAN

    Defendants

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

**Plaintiff–David Sherman, Esq.
Defendants–Elliott Teel, Esq.**

Before the court is plaintiff Jeanne Golding's motion for summary judgment. For the following reasons, the motion is granted on count I of plaintiff's amended complaint.[1]

I.    <u>Facts</u>

Plaintiff Jeanne Golding is a resident of North Yarmouth, Maine and owns real property in North Yarmouth and Pownal, Maine. (Supp'g S.M.F. ¶¶ 1-2.) Defendants Matthew J. Chipman and Samuel Chipman own property in Pownal, Maine that abuts plaintiff's property. (Supp.'g S.M.F. ¶¶ 3-4.) Plaintiff and defendants dispute the boundary between their properties and the ownership of 15 acres of land. (Supp.'g S.M.F. ¶¶ 8-9.)

Wayne Wood, a licensed land surveyor, prepared a survey of plaintiff and defendants' properties. (Supp.'g S.M.F. ¶¶ 5-6.) Mr. Wood reviewed the deeds for both plaintiff and defendants' properties, related subdivision plans, and visited the site in person. (Supp.'g S.M.F. ¶ 7.) Mr. Wood determined that the boundary line between plaintiff and defendants' properties was

_____

[1] Plaintiff does not address the allegations in count II of the amended complaint in her memorandum or statement of material facts. (Am. Compl. ¶¶ 28-33; Supp.'g S.M.F.)

1

REC'D CUMB CLERKS OFC
MAR 19 '19 PM 1:45

located south of the disputed 15 acres and that plaintiff owned the disputed land. (Supp.'g S.M.F. ¶¶ 10-12.)

Plaintiff has designated Mr. Wood as her expert witness to testify as to the boundary location. (Supp.'g S.M.F. ¶ 13.) Defendants have not designated an expert to testify as to the boundary location. (Supp.'g S.M.F. ¶¶ 15-16.) The discovery deadline was September 7, 2018.

## II.    Procedure

In her amended complaint filed against defendants on June 1, 2018, plaintiff alleges two causes of action: count I, declaratory judgment and count II, injunctive relief. Defendants filed an answer to the amended complaint on July 10, 2018. Plaintiff filed a motion for summary judgment on December 26, 2018. Defendants filed an opposition on January 14, 2019. Plaintiff filed a reply on February 27, 2019.

## III.   Discussion

### A. Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2).

2

B. Genuine Issues of Material Facts

Plaintiff argues that defendants did not properly dispute her factual statements contained in her statement of material facts and those facts are deemed admitted. (Pl.'s Reply Mot. Summ. J. 1-3.) In their opposing statement of material facts, defendants attempt to qualify or deny multiple statements in plaintiff's statement of material facts. (Opp. S.M.F. ¶¶ 4, 10-12, 15-16.) Defendants failed to cite to the record as required by Rule 56. M.R. Civ. P. 56(h)(2) & (4).

Although defendants' opposing statement of material facts was inadequate, the burden remains with plaintiff to show with a properly supported statement of material facts that there is no genuine issues of material facts in this case. See Cach, LLC v. Kulas, 2011 ME 70, ¶ 9, 21 A.3d 1015. Plaintiff states that plaintiff's expert's delineation is the boundary line between the Golding and the Chipman properties. (Supp.'g S.M.F. ¶¶ 11-12.) Plaintiff's statements of fact refer to, and are supported by, the affidavit of her expert, Mr. Wood. (Supp.'g S.M.F. ¶¶ 11-12; Wood Aff. ¶ 14.) Because of their failure to comply with Rule 56(h), defendants admit that Mr. Wood's delineation is the boundary line. (Opp. S.M.F. ¶¶ 11-12); M.R. Civ. P. 56(h)(4); Stanley v. Hancock Cty. Comm'rs, 2004 ME 157, ¶ 18, 864 A.2d 169; see also See Northland Realty LLC v. City of Portland, 2007 Me. Super. LEXIS 119, *8-9 ("[a]n unrebutted expert opinion is evidence upon which summary judgment can be based.").

In defendants' statement of additional facts, they state that the "defendants' property, in relevant part, runs to the centerline of the East Branch of Royal River" and refer to the affidavit of Elliott Teel. (Add'l S.M.F. ¶ 12; Teel Aff. ¶ 18.) The referenced paragraph of the Teel affidavit states, "Alice and Norman Bowman conveyed the subject property to Matthew Chipman and Amy Chipman by deed dated 1995 and recorded in the Cumberland County Registry of Deeds in Book

3

12175 page 141" and references exhibit D. (Add'l S.M.F. ¶ 18; Teel Aff. ¶ 18.) Exhibit D contains seventeen pages of various deeds. The Law Court has stated:

> A statement of material facts must directly refer the court to the specific portions of the record from which each fact is drawn. The court is neither required nor permitted to independently search a record to find support for facts offered by a party. In the absence of specific record references, a proffered fact is not properly before the court and cannot provide a basis for judgment.

Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 9, 770 A.2d 653 (citations omitted). Defendants' additional statement of material fact with regard to the boundary line is not supported by the corresponding record reference.

The entry is

> Plaintiff's Motion for Summary Judgment is GRANTED on Count I of Plaintiff's Amended Complaint. Judgment is granted in favor of Plaintiff Jeanne F. Golding and against Defendants Matthew L. Chipman, as Parent and Next Friend of Samuel B. Chipman and Matthew J. Chipman on Count I of Plaintiffs' Amended Complaint. The Boundary Line between the Golding Property and Chipman Property is as Depicted on the Wayne Wood Plan of Land dated April 2018.

Date:   March 19, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 3/19/19